469 So.2d 444 (1985)
Barney Paul GUILLORY, Plaintiff-Appellee,
v.
Tammy Lynn LaFLEUR, Defendant-Appellant.
No. 84-404.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
Gary Ortego, Ville Platte, for plaintiff-appellee.
Preston N. Aucoin, Ville Platte, for defendant-appellant.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
On this appeal we shall set aside a judgment changing custody from the mother to the father, and remand the case, so that the trial court may give consideration to the feasibility of a joint custody award in compliance with La.Civil Code articles 146 and 157.
In August 1983 this young couple, Barney Guillory and Tammy Lynn LaFleur, married just two years, each sued the other for a separation, both asking that custody of their baby daughter, Alicia Guillory, be awarded to the mother, Tammy Lynn. The suits were consolidated and tried and in February 1984 a judgment was signed based on mutual fault, and in this judgment permanent custody of the child was awarded to the mother.
A month or so after this judgment was signed, Tammy Lynn and the child moved from Ville Platte, where the child was born and had always lived, to the community of Carencro, near Lafayette, about 50 miles away.
On April 4, 1984, the trial court issued an ex parte order awarding the father temporary custody of the child pending a change of custody hearing which he ordered set for April 23, 1984. The father never made any motion, either before or after this order, asking for a change of custody. The *445 ex parte order was served upon the mother. The order is reproduced here, as follows:
"It appearing to the Court that it would be in the best interest of the minor child, ALICIA LYNN GUILLORY, if she were placed in the care, control and custody of her father, BARNEY PAUL GUILLORY, pending a hearing on the change of custody, requested by said BARNEY PAUL GUILLORY:
"IT IS ORDERED that the care, control and custody of the minor child, ALICIA LYNN GUILLORY, be and it is hereby awarded to her father, BARNEY PAUL GUILLORY, pending the change of custody hearing requested by the said BARNEY PAUL GUILLORY:
"IT IS THEREFORE ORDERED that TAMMY LYNN LAFLEUR show cause on the 23rd day of April, 1984 at 10:00 o'clock A.M. why the care, control and custody of the child, ALICIA LYNN GUILLORY, should not be changed and awarded to the father, BARNEY PAUL GUILLORY.
"THUS DONE & SIGNED in Ville Platte, Evangeline Parish, Louisiana on this 4th day of April, 1984."
The hearing, though set for April 23, was actually held on April 12, 1984. Both parties were represented by counsel. The parties proceeded as if a valid motion to change custody was pending, and no objections were made. On April 13, 1984, the trial court awarded custody to the father.
The child had lived with her mother all her life, since the parties separated, and she was 18 months old at the time of the change of custody hearing. The testimony at the hearing was devoid of any suggestion that the child was not being properly cared for, only one incident being urged as a reason to change custody. That incident occurred about two weeks before the hearing when the father went to pick up the child at a shopping mall in Lafayette one night for his weekly visitation. After he picked the child up, he noticed the child was hungry and fed her at a fast food restaurant. After the drive home to Ville Platte, the child was still hungry, and ate again. When he changed the child's diaper he found paper towels stuffed in the diaper. The child had diaper rash.
The mother testified that she moved to Carencro, Louisiana, two weeks before the hearing. She rented a two bedroom house and worked three days a week at a local grocery. She was 18 years old at the time of the hearing. She did not own an automobile and walked to work. While she was at work her neighbor took care of the baby. She testified that she fed the child late in the afternoon before taking her to the mall to meet her husband. Her husband was two hours late and she had only one change of diapers, so after the diaper was changed she thought it would be a good idea to put paper towels down in the diaper as an absorbent. Guillory's sister, the child's aunt, who was with him when they picked up the baby, said the baby did not need a diaper change at that time.
Guillory, the father, testified that he lived with his parents and that if he was awarded custody, the child would be under constant older adult supervision. Guillory has been steadily employed for the past five years at a supermarket.
The trial judge believed that the welfare of the child required giving its custody to the father. His oral opinion at the conclusion of the hearing gave as the two reasons for the change of custody, that the mother did not have an automobile, and that she lived almost 50 miles from Ville Platte. No consideration at all was given during the hearing, or in the reasons of the trial court, to a joint custody arrangement.
On appeal the mother argues that the entire proceedings below should be declared invalid because everything was based upon an invalid ex parte order modifying an existing judgment of custody. The order was signed by the trial court on April 4, 1984, without notice to Mrs. Lafleur or a hearing. The trial court set a hearing for April 23, 1984. A copy of the April 4 order, which set the hearing date, was apparently served on both the mother and her attorney. The hearing was held on *446 April 12, 1984. The record does not explain why the hearing was sooner than the noticed date.
An ex parte custody order granted by a trial judge without notice, service of pleadings, and without affording a hearing to the parent having custody of the child is null and without effect. Hatchett v. Hatchett, 449 So.2d 626 (La.App. 1st Cir. 1984), writ denied, 457 So.2d 11 (La.1984); State, In Interest of Thompson, 372 So.2d 1255 (La.App. 3rd Cir.1979). However, a hearing for change of custody was held on April 12, 1984, and it is from the judgment following this hearing, not the ex parte order, that this appeal was taken. It perhaps could be said that the validity of the ex parte order was thereby rendered moot.
Appellant also points out in his brief that Mr. Guillory never made any motion asking for the change of custody. Under LSA-C.C.P. art. 961, an application to a court for an order shall be by written motion, unless made during trial or hearing or in open court. Such written motion is to be served upon the adverse party which affords notice to the adverse party. See La.C.C.P. art. 963 and comment (b).
We have found one case which discusses a judgment based on a non-existing motion. In Henson v. Copeland, 451 So.2d 41 (La. App. 2nd Cir.1984) the trial court dismissed plaintiff's tort claim for his failure to answer interrogatories even though a motion to dismiss had not been filed. The defendants obtained an order fixing a hearing date on a non-existing "pending" motion to dismiss. The parties presented themselves (the appellant in proper person) at the hearing, however, and proceeded as if a valid motion was pending, and no objections were made. The trial court heard the evidence and dismissed the suit with prejudice. The Court of Appeal reversed the trial court's judgment finding that it would be unjust and inequitable to allow the suit to be dismissed as to this unrepresented plaintiff. The court found the order was improperly issued because it was not based on a properly filed motion to dismiss and found that the trial court abused its discretion in dismissing the suit, stating:
"Because the sanction of dismissal of a lawsuit is a drastic remedy it should be imposed only in extreme circumstances and after all procedural safeguards have been followed. The trial court in its reasons specifically found that all procedural safeguards had been followed prior to the imposition of the sanction. Contained within its reasons is a reference to the earlier hearing date on the rule for contempt which leads us to believe that the trial court felt that the rule had in fact been a motion to dismiss. Accordingly, because of the confused state of the record, the trial court obviously believed that it was conducting a hearing on a motion to dismiss. Additionally, while La.C.C.P. Art. 1471 contemplates dismissal as a sanction, it also contains other less onerous sanctions which might have been considered by the trial court had a proper motion been before the court for review and consideration. It is apparent that the trial court did not consider alternative sanctions in arriving at its decision to dismiss this suit. The trial court's specific finding that all procedural safeguards had been followed prior to the dismissal is in error. Henson had received no notice of any written motion to dismiss other than an order fixing the non-existent motion for hearing. He had obviously been informed through informal channels that he was to attend a hearing on a motion to dismiss but a proper motion had not been served on him.
"While lack of service in and of itself may be waivable, when all of these facts are construed together, we conclude that the imposition of the ultimate sanction of dismissal in this case constituted an abuse of discretion."
Henson v. Copeland, supra, can be distinguished from our case on the ground that our appellant was represented by counsel, and therefore it could be said that her appearance at the hearing waived any lack of service of the pending motion.
*447 We would unhesitatingly declare null and void the entirety of the April 1984 proceedings because of these procedural flaws, but for the fact that the mother did not object to the hearing on the question of the change of custody. In fact, she and her attorney came to court on April 12 fully prepared to try the change of custody issue, made no objection to the proceedings, and participated at the hearing. These proceedings were so replete with procedural flaws, however, that it appears to us it would be unjust and inequitable to allow the drastic result of a change of custody to be accomplished through them.
We need not decide this vexatious problem, however, because we find clear error in the proceedings on another ground, because of which we must set aside the April 13, 1984, judgment, and remand.
Our reason for setting aside the judgment and remanding this case is because the trial judge gave no consideration at all to the feasibility of a joint custody award as required by La.Civil Code Articles 146 and 157. Our examination of the testimony causes us to conclude that the evidence was insufficient to rebut the presumption that joint custody was in the best interest of the child. In determining whether the trial court abused its discretion in awarding a change of custody of the minor child to the father, article 157 states that "in all cases of ... change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146." This article establishes a rebuttable presumption that joint custody awards will be in the child's best interests. Turner v. Turner, 455 So.2d 1374 (La.1984). In discussing this presumption the Supreme Court in Turner, supra, stated:
"The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion."
In the present case there is no indication that the trial judge considered the feasibility of a joint custody award. The evidence in the record is insufficient to rebut the presumption. Therefore, this case should be remanded for further proceedings to determine whether a joint custody award should be issued. In its reconsideration of its custody judgment, the trial court may conduct such further proceedings as in its discretion it deems necessary in the case.
Pending the judgment on remand, provisional custody will remain with the father. Costs of this appeal shall be borne by the appellee. The allocation of costs at the trial level will await the judgment of the court below.
JUDGMENT SET ASIDE; CASE REMANDED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns reasons.
DOMENGEAUX, Judge, concurring in part and dissenting in part.
I agree that the judgment of the district court should be set aside, but for different reasons than those set out in the majority opinion. Additionally, I do not find it necessary to remand this case.
I find that the trial judge abused his discretion and manifestly erred by taking away the custody of the child from the mother without a hearing. Even though, subsequent thereto, he did hold a hearing, the evidence shows that the error was merely compounded. I find it difficult to fault this young mother when all facts are considered.
I would order that this child be returned to the mother without further ado.