600 So.2d 933 (1992)
Carl Christian MULLER, Jr.
v.
Elizabeth Ann Miller MULLER.
No. W 92-586.
Court of Appeal of Louisiana, Third Circuit.
May 29, 1992.
*934 Jim Ortego, Lake Charles, for plaintiff/applicant.
McHale, Bufkin & Dees, Michael Dees, Lake Charles, for defendant/respondent.
Before GUIDRY, DOUCET and YELVERTON, JJ.
WRIT GRANTED AND MADE PEREMPTORY:
A hearing officer's duties and powers are limited to those set forth in La.-R.S. 46:236.5. This authority does not authorize a hearing officer to conduct a hearing and to make recommendations concerning child custody matters. Therefore, the trial court improperly ordered the issue of joint custody to be raised at the hearing set for June 18, 1992, before the hearing officer.
The law is clear that an ex parte custody order without notice, service of pleadings, and without affording a hearing within a reasonable time is null and without effect. Craig v. Craig, 538 So.2d 1159 (La.App. 3rd Cir.1989). Therefore, the order dated May 21, 1992, insofar as it grants temporary custody to Elizabeth Ann Muller is null and without effect. However, the order dated May 20, 1992, concerning the grant of temporary custody to Carl Muller is also an ex parte order without notice, service of pleadings, and without affording a hearing within a reasonable time. Therefore, it is likewise null and without effect.
For these reasons, the district judge is ordered to hold a hearing on the matter of custody within a reasonable time. The trial court is also ordered to issue a temporary custody order pending the custody hearing.