695 So.2d 1148 (1997)
STATE of Louisiana
v.
Vaughn ARCENEAUX, Defendant-Appellant.
No. 97-197.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*1149 Edward B. Broussard, Abbeville, Michael Harson, Lafayette, for State.
Anthony Jerome Fontana, Jr., Abbeville, for Vaughn Arceneaux.
Before YELVERTON, SAUNDERS and GREMILLION, JJ.
YELVERTON, Judge.
Vaughn Arceneaux in 1983 kidnapped his one and one-half year old son Beau. A bill of information was filed charging him with simple kidnapping, in violation of then La.R.S. 14:45(4). The defendant removed his child from the state after the mother was granted custody. The mother did not see her child or know his whereabouts for the next 12 years. The defendant remained a fugitive until 1995 when he was apprehended in Austin, Texas, and waived extradition to Louisiana.
He pled not guilty and filed a motion to quash the bill. The basis for the motion to quash was that the key element of this crime required the victim (the mother Rebecca) to have legal custody of the child, that the ex parte orders granting her custody in 1983 were invalid, and that, therefore, she was not the legal custodian. The motion to quash was heard and denied.
The defendant withdrew his plea of not guilty and entered a plea of no contest to the charged offense, reserving his right to appeal the denial of his motion to quash. At the plea proceeding, as part of the factual basis, the State informed the court that the conduct in question occurred on or about November 27, 1983, and again on or about December 7, 1983. The defendant was sentenced to five years at hard labor. He is presently before us seeking review of the trial court's denial of his motion to quash.
Arceneaux specifically attacks the ex parte custody orders dated August 23, 1983, and September 21, 1983. Relying on three decisions of this circuit, he contends that the ex parte orders were "null and without effect." He contends that these null-and-without-effect orders could not be used as a basis for prosecution under La.R.S. 14:45(A)(4) because the mother of the child did not have legal custody of the child when the kidnapping took place.
In 1983, La.R.S. 14:45(A)(4) provided:
A. Simple kidnapping is:
....
(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.
At the hearing on the motion to quash, the defendant filed into evidence the civil records containing the provisional orders of custody that had been issued in 1983. These records reveal that Rebecca Arceneaux, the mother, had legal custody of the child from August 1983 on.
Two suits for separation were filed in 1983, the first by the father Vaughn Arceneaux and the second by the mother Rebecca Arceneaux. Each petition asked for a separation based on fault, and each petition asked for custody of the infant child. Responding to a prayer in Rebecca's reconventional demand to Vaughn's petition, the trial court granted provisional custody to Rebecca on August 23, 1983. The order was served on Vaughn through his counsel. Thereafter, there were several hearings in both suits at which Vaughn was either personally present or represented by counsel. Although the August provisional custody decree was ex parte, he knew about it and he never entered an objection to it nor did he seek to have the custody order set aside. After August, in the appearances and hearings in both suits, *1150 the issue of temporary custody repeatedly came before the trial court, and the judge entered direct orders in open court in the defendant's presence reaffirming Rebecca's custodial status. Three times the custody reaffirmations were reduced to written orders. On one occasion when Vaughn was actually present when an order of custody was enunciated from the bench, the minutes of court make it clear that Vaughn was fully aware of the custodial status of the infant child.
The three cases from this circuit on which the defendant relies in support of his motion to quash are Guillory v. LaFleur, 469 So.2d 444 (La.App. 3 Cir.1985); Craig v. Craig, 538 So.2d 1159 (La.App. 3 Cir.1989); and Muller v. Muller, 600 So.2d 933 (La.App. 3 Cir.1992). Guillory is cited for the rule: the law is clear that an ex parte custody order without notice, service of pleadings, and without affording a hearing within a reasonable time is null and without effect. Relying on this rule, the defendant argues that the ex parte provisional custody order rendered in August 1983 was null and void from the beginning and that Rebecca never had legal custody.
Defendant misunderstands these cases. None of them dealt with an initial provisional custody order following a separation of the parents. All three were changes of custody rendered ex parte after a permanent custody decree. Moreover, the cases cited do not hold that an ex parte custody order falls under its own weight and is deemed to be non-existent. In fact, in Guillory, we ordered that the ex parte custody decree under attack remain in effect pending the decision on remand by the trial court on the merits of custody.
What is in point as to this case is the rule that all orders and judgments of courts must be complied with. State v. Meyer, 375 So.2d 372 (La.1979) states, "If a person to whom a court directs an order believes that order is incorrect the remedy is to apply for review, but absent a stay, to comply promptly with the order pending review. Persons who make private determinations of the law and refuse to obey an order risk criminal contempt even if the order is ultimately ruled incorrect."
At all times relevant to his activities as to which he entered a no contest plea, defendant was aware that Beau's mother had been awarded custody. The order of custody was entered in the lawsuit that defendant himself had filed. Thereafter, he was present in court to hear the judge tell him personally that the order was in effect. He never sought review of that judgment. Instead, he sought to avoid enforcement of the judgment by removing the child from the jurisdiction of the court and by going into hiding. The motion to quash was properly denied.

ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are three errors patent.
The first error patent concerns an illegal sentence. In sentencing the defendant, the trial judge issued the following order:
In addition, under Article 890.1 of the Code of Criminal Procedure, I will order that any good time or any diminution of your sentence while you are serving it, as provided by statute, is conditioned upon your having absolutely no contact or attempt at contacts with Beau Arceneaux or with Rebecca Comeaux; and if you do, it will cost you any good time or diminution of sentence that you might be entitled to.
La.Code Crim.P. art. 890.1 was added by Act No. 946 § 1 of the 1995 Regular Session of the Legislature. The general effective date of laws enacted during this session was August 15, 1995. Thus, Article 890.1 was in effect at the time of the defendant's sentencing in 1996, but it was not in effect at the time the offense was committed. "Application of La.C.Cr.P. art. 890.1 to deny good time eligibility on a sentence imposed for a crime committed before the effective date of 1995 La.Acts No. 946 violates the Ex Post Facto Clauses of the federal and state constitutions." State v. Singleton, 96-2380 (La.2/7/97); 688 So.2d 486.
Also, the trial court did not give the defendant credit for the time he spent in actual custody prior to the imposition of the sentence. *1151 Thus, we amend the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence. We remand the case and order the district court to amend the commitment and minute entry to reflect credit for time served in conformity with La.Code Crim.P. art. 880. See La.Code Crim.P. art. 882(A) and State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
Finally, the trial court was required to inform the defendant of the prescriptive period for post-conviction relief at the time of sentencing pursuant to La.Code Crim.P. art. 930.8(C). Rather than being notified at his sentencing hearing as required by statute, the defendant was informed of the time limitation at his earlier plea proceeding by the following clause contained in his "Plea of No Contest" form: "I also realize that I have 3 years from today to file any post conviction relief petitions." The defendant was informed he had three years from the date he entered his plea to file post conviction relief petitions. Actually, the defendant had three years from the time the judgment of conviction and sentence became final. Thus, the trial court is ordered to inform the defendant of the provisions of Article 930.8 by sending appropriate notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. McSweeney, 619 So.2d 861 (La.App. 3 Cir.1993); State v. Howard, 626 So.2d 459 (La.App. 3 Cir.1993).
Accordingly, the defendant's conviction and sentence are affirmed. However, the trial court is ordered to amend the defendant's sentence to delete the conditions placed on his eligibility for diminution of sentence. Additionally, this court amends the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence; the case is remanded with the district court being ordered to amend the commitment and minute entry to reflect credit for time served. Finally, the trial court is ordered to inform the defendant of the provisions of Article 930.8 by sending appropriate notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings.
DENIAL OF MOTION TO QUASH AFFIRMED; REMANDED WITH INSTRUCTIONS.