SAMUEL, Judge.
This is a suit for personal injuries sustained in an accident involving three automobiles. Plaintiffs were the two guest passengers in one of the cars and defendants, John Washington, Carl J. Dauzat and Raymond D. Fernandez, are the respective drivers of the three vehicles. Plaintiffs have appealed from a judgment in their favor only as against John Washington, the driver of the automobile in which they were passengers, and against them as to the other two drivers; the judgment dismissed plaintiffs’ suit against Dauzat and Fernandez.
The accident happened in the early afternoon of a clear day at the corner of Elysian Fields Avenue and Benefit Street in the City of New Orleans. The intersection is controlled by a semaphore signal and the three cars had been traveling north on Elysian Fields. As disclosed by the record, Elysian Fields is divided by a wide neutral ground on each side of which there are more than two paved lanes for traffic traveling in each direction. The Dauzat and Fernandez cars were stopped at Benefit Street in obedience to a red traffic signal. The Washington vehicle approached the intersection from the rear of the two’ .stopped cars and passed between them as the signal was changing, or had just changed, to green. In so passing the Washington vehicle struck, or was struck by, the Dauzat car to its right and the Fernandez car to its left. Both sides of the front of the Washington vehicle, the left rear side of the Dauzat vehicle and the entire right side of the Fernandez car were damaged.
The only eye witnesses who testified were the defendant Fernandez, his wife, who was a passenger with their baby in his car, and the defendant Washington. The defendant Dauzat was not served with citation and has made no appearance of any kind. One of the plaintiffs was seated in the front seat talking with the host driver, Washington, and the other was asleep on the back seat; neither had any recollec.tion of how the accident happened. A police officer who investigated the accident also testified. A portion of his testimony is to the effect that the defendant Washington staggered, his speech was impaired and he had a strong smell of alcohol on his breath. In the opinion of the police officer Washington was intoxicated, an opinion shared by Fernandez.
Fernandez testified as follows: He was stopped in the lane next to the neutral ground waiting for the traffic light to change. The Dauzat car was stopped in the second lane from the neutral ground, the lane immediately to his right. He glanced at his rear view mirror and saw the Washington vehicle approaching at a high rate of speed. He heard the tires of the Washington car begin to “screech” and the car began to swerve from side to side. Fearful of being hit by the Washington car he started forward, turning his car to the left as it crossed Benefit Street so that its two left wheels were on the *847 neutral ground. The Washington car continued forward, sideswiped the Dauzat vehicle, swerved to its left and sideswiped his car, and then proceeded about one-half block further on Elysian Fields before coming to a stop.
Mrs. Fernandez was sitting on the front-seat holding her one year old baby. She was unaware of the approaching Washington vehicle when her husband suddenly proceeded forward and pulled to the left so that one side of the car was on the neutral ground. She did not know why he had done so until she heard the “scratching” on the side of her car. The Washington car was about halfway down the block when it came to a stop.
The defendant Washington testified: The Dauzat and Fernandez cars were driving off as he reached the intersection and the light had turned to green. He was catching up with them because he did not have to stop for the light. He proceeded in the middle lane between the two other cars and was almost abreast of the car to his left (the Fernandez vehicle) when the car to his right (the Dauzat vehicle) veered to its left and came into his lane. The Dauzat automobile “brushed” his right side, knocking off the two door handles on that side, and at about the same time the Fernandez car made contact with his left side. In describing the accident this witness on occasion said the Fernandez car had veered to its right and on other occasions failed to say this. In a statement made prior to ’ the date of trial he had said only that the Dauzat vehicle had .come into his lane and had not said the Fernandez car had done so.
The trial judge accepted the testimony of Fernandez as the correct version of the •manner in which the accident happened. He concluded that the accident was due solely to the negligence of the host driver, Washington, and made no finding as to Washington’s sobriety, or lack thereof, because such a finding was unnecessary. Because of the financial status of the sole losing defendant, Washington,'he fixed the award to one of the plaintiffs, Poche, lower than would ordinarily be the case.
Plaintiffs made the following contentions-on appeal: (1) their suit against Dauzat should not have been dismissed -in .any event in view of the fact that this defendant had never been served with citation nor had he -made an appearance; (2) the- defendants Fernandez and Washington were guilty of negligence and therefore the judgment should be against both; and (3) the quantum awarded should be increased.
The "first contention is correct under the provisions of Code of Civil Procedure Article 1201 [see also LSA-C.C.P. Art. 2002 (2)]. Article 1201 reads as follows:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
“The defendant may expressly waive citation and service thereof by any written waiver made part of the record.” LSA-C.C.P. Art. 1201.
Since the defendant Dauzat has not been served with citation, has not waived citation and service thereof and has never made any appearance of any kind, no valid judgment could be rendered either against him or in his favor. Accordingly, that part of the judgment which dismisses plaintiffs’ suit against Dauzat must be set aside.
We find no manifest error in the trial court’s acceptance of the testimony of Fernandez as opposed to that of Washington. To the contrary we agree. And under the accepted version of the accident, the absence of negligence on the part of Fernandez is so. clear as to require no discussion.
Plaintiffs’ contention that the quantum should be increased is conditional. It is made only in the event that Fernandez also be cast in judgment. Our finding that *848 Fernandez was free of negligence, and that the judgment dismissing the suit as to him was proper, makes it unnecessary for us to consider the question of an increase in quantum.
For the reasons assigned, that portion of the judgment appealed from which dismisses plaintiffs’ suit against the defendant, Carl J. Dauzat, is set aside and annulled. In all other respects the judgment appealed from is affirmed; costs of this appeal to be paid by plaintiffs-appellants.
Set aside in part; affirmed in part.