451 So.2d 41 (1984)
Calvin HENSON, Plaintiff-Appellant,
v.
Bennie R. COPELAND, et al., Defendant-Appellee.
No. 16219-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*42 Joe D. Guerriero, Monroe, for plaintiff-appellant.
Swellings & Barnes by O.P. Barnes, III, Monroe, for defendant-appellee.
Before PRICE, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiff, Calvin Henson, appeals a judgment dismissing his suit with prejudice for his failure to answer interrogatories. We reverse and remand for further proceedings.
Familiarity with the detailed chronology of events preceding this dismissal will facilitate an understanding of our resolution of this issue. On November 22, 1978, Henson filed a suit for damages sustained in a multi-vehicular collision which occurred on November 28, 1977 on Interstate 20 in Ouachita Parish. Nine defendants were originally named including Northeast Louisiana Agricultural Corporation, its employee Samuel R. Wroten, and Fireman's Fund American Insurance Corporation. After extensive pre-trial discovery and activity, all defendants with the exception of the above named three parties were released through a compromise settlement of those claims.
Thereafter, the remaining defendants sought further discovery of information pertaining to Henson's claim for lost income and medical expenses by propounding eight interrogatories directed to Henson on March 19, 1982. Service of these interrogatories was accomplished through Henson's attorney of record, who withdrew on April 27, 1982 with the consent of Henson. On May 27, 1982, defendants filed a motion to compel answers to interrogatories. Because service of this motion was improper, *43 a second motion was filed on June 23, 1982, which was heard on July 6, 1982. Henson appeared in proper person at that hearing. Introduced into evidence were two letters written to Henson; one from his attorney who had withdrawn advising him of the necessity of responding to the interrogatories and another from defendants' counsel requesting that Henson answer the interrogatories and informing him that failure to do so would result in the motion to compel. Henson denied receiving defense counsel's letter which was signed for by his father and the trial court informed him that it would attach no weight to the letter because it was received by Henson's father rather than Henson. At this hearing, Henson argued that the information sought by defendants through these interrogatories had been made available to the defendants through other means and that he should not have to provide it again. The trial court instructed Henson to answer the questions to the best of his ability within ten working days and to do it in writing. No further instructions were given to Henson as to the form or procedure required for the answering of these interrogatories and Henson was not warned that failure to answer within that period could result in certain sanctions including dismissal of his lawsuit. The issue of fees was taken under advisement, and attorney's fees were subsequently awarded in the amount of $250.
On July 29, 1982, the interrogatories remained unanswered and a rule nisi was issued directed to Henson to show cause why he should not be held in contempt for failure to comply with the court's orders and condemned to pay attorney's fees. This rule was returned unserved and the original hearing date of August 4, 1982 was refixed by order to September 17, 1982. Neither the rule nor the order refixing it is reflected in the record as ever having been served.
No further activity is shown of record until January 24, 1983 when Clayton V. Bankston, Jr. was enrolled as counsel for Henson. On February 22, 1982, certain documents were filed in the record by Henson, including a letter to Henson from Richard L. Weil, another attorney, stating that he was terminating his representation of Henson and that he had been informed by counsel for defendants that a motion to dismiss the case for failure to answer the interrogatories was being set; a letter from Henson to the court stating that he had not been at the September 17, 1982 hearing because of a death in the family; copies of medical and tax forms; a page from a deposition in which he authorized defendants' counsel to obtain his medical records; a letter from one of his treating physicians; 1976 and 1974 tax returns; a medical authorization; a list of physicians; the name of the officer who investigated the accident; other names and addresses; an amount of claimed wage loss; and the names and addresses of two oil companies.
On March 2, 1983, a pleading entitled "Motion and Order for Hearing on Motion to Dismiss" was signed by the trial court and a hearing on a motion to dismiss was fixed for April 4, 1983. This motion reads:
On motion of Defendants, through undersigned counsel, and on a showing that the Motion to Dismiss for failure to comply with orders for discovery is presently pending and is ready for hearing. [Emphasis added.]
However, it is significant that the record does not contain any prior or subsequent "Motion to Dismiss". Although there is no indication in the record that a copy of the earlier rule for contempt accompanied the Motion and Order for Hearing on Motion to Dismiss or had ever been served, this later order was nevertheless served on Henson who appeared at the hearing fixed thereby for April 4, 1983, in proper person.[1]
After this hearing in written reasons for judgment, handed down on August 2, 1982, *44 the trial court stated that the matter was before the court on a motion to dismiss Henson's suit for failure to answer the interrogatories. Contained therein were the following findings: (1) that the interrogatories had not been answered although Henson had been afforded an opportunity to be heard prior to the order compelling answers; (2) that Henson was aware of the time limits available within which to answer; (3) that the failure to answer was not attributable to his attorney; (4) that the earlier withdrawal of Henson's attorney on April 27, 1982 was of no avail because Henson had demonstrated no inability to obtain an attorney citing the fact that there had been at least four attorneys of record since the suit's commencement;[2] (5) that the documents filed by Henson were woefully inadequate as "answers" because they were not in proper form, were not served on defendants and were not made under oath; (6) that there were no mitigating circumstances; (7) that the failure to answer the interrogatories had been arbitrary and capricious; and (8) that this failure had occurred after a thorough explanation of the consequences of the situation to Henson by the trial court. Accordingly, the trial court concluded that Henson's refusal to answer justified the invocation of the penalty provided for by La.C. C.P. Art. 1471(3) and that all procedural steps had been complied with prior to the court's making this determination.
After a careful review of this difficult record, we respectfully disagree with the trial court's finding that all of the consequences of Henson's failure to answer had thoroughly been explained to him by the trial court and that all of the procedural steps had been complied with prior to the determination that the motion to dismiss should be granted. These findings are not supported by the record. We conclude that the trial court abused the discretion afforded it in such matters by imposing the ultimate sanction of dismissal with prejudice under the facts of this case. In arriving at this conclusion, we have considered the following legal and factual bases:
La.C.C.P. Arts. 1469-74 provide the means for the enforcement of discovery. In particular, the following articles apply:
Art. 1469
A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition or oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining *45 the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
Art. 1471.
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
These provisions grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. Because the granting of relief against a recalcitrant defendant rests within the trial judge's discretion, it will not be disturbed unless the record shows a clear abuse of this discretion. When a party has been given sufficient notice and opportunity to be heard prior to the imposition of a penalty, the sanction of dismissal may be within the bounds of the trial court's discretion. Butts v. Cummings, 360 So.2d 534 (La.App. 2d Cir.1978).
As later stated in Allen v. Smith, 390 So.2d 1300 (La.1980):
The Louisiana rule empowering a court to impose these sanctions is identical to Federal Rule of Civil Procedure 37(b), (d). Accordingly, the jurisprudence interpreting and applying the federal rule may provide useful precepts in bringing La.C. C.P. art. 1473 into action in the present case.
The United States Supreme Court held in Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958) that Rule 37
"should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that a failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner."
While there have been amendments to the rule since the decision in Rogers, the high court has indicated that the changes will not affect the teachings of the quoted *46 language from that decision. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
Many of the federal courts of appeal have decided that the dismissal of a complaint with prejudice is such a drastic penalty for failure to make discovery that a district court should apply it only in extreme circumstances. [Citations omitted.]
In interpreting the analogous federal rule, the court in Symeonides v. Cosmar Compania Naviera, S.A., 433 So.2d 281 (La.App. 1st Cir.1983) stated:
In Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), the United States Supreme Court had occasion to consider the application of sanctions under Federal Rule of Civil Procedure 37(b)(2). At 2107 the Court noted:
"Rule 37(b)(2) contains two standardsone general and one specific that limit a district court's discretion. First, any sanction must be specifically related to the particular `claim', which was at issue in the order to provide discovery."
Having noted above that the Louisiana rules of civil procedure were patterned after the federal rules, it is no surprise that LSA-C.C.P. art. 1471 contains the same standards as Federal Rule 37(b)(2).
In Ireland, the discovery sought dealt with the issue of whether the court had personal jurisdiction over the defendant. In reviewing the decision of the district court to impose the Rule 37(b)(2) sanction of treating as established the personal jurisdiction over the defendant for failure to comply with discovery, the Supreme Court reached its decision that the sanction was just based on the following four factors: (1) defendants continued delay and obvious disregard of court orders; (2) defendants repeated failure to comply with their agreements regarding discovery orders within the specified time periods; (3) the fact that plaintiff's allegations that the court had personal jurisdiction over defendants were not frivolous, and thus the attempted use of discovery to substantiate the claims was not an abuse of the judicial process; (4) defendants had ample warning that their continued failure to comply with discovery would lead to the sanctions.
Applying the rationale set forth above, we conclude that the imposition of the ultimate sanction of dismissal in the instant case is not "just" in the factual context of this case. First of all, while we concede that there was continued delay present in this case, we do not find that there was an obvious disregard of repeated orders of the court by Henson. At the hearing on the motion to compel answers, the defendant appeared in proper person. The trial court after hearing the evidence informed Henson that he had ten days to answer the interrogatories. The crux of the trial court's order to Henson was that he get something in writing. We find no instructions that this written document or documents be in proper form or notarized. While the documents filed some seven months later were not in proper form or notarized, because of the ambiguous instructions given Henson by the trial court, we cannot conclude that there had been an obvious disregard of court orders prior to the imposition of the sanction. While we admit that these documents are not answers to interrogatories as contemplated by the Code of Civil Procedure, they are in writing as ordered by the Court and generally concern the subject matter raised by the interrogatories. This order compelling Henson to answer the interrogatories in writing within 10 days is the only court order that Henson did not obey in connection with the eight interrogatories. Furthermore, there is nothing contained within this record which we have been able to find which supports a conclusion that Henson was aware that his failure to answer these interrogatories could result in the imposition of the ultimate sanction of dismissal of his suit. In fact, we have been unable to find any reference in the transcripts of the hearings that we would construe as a *47 warning by the trial court to Henson that his failure to comply with discovery would lead to any sanctions. Thus, at least two and perhaps three of the four factors set forth in Ireland are simply not present. Therefore, we conclude that the imposition of this particular sanction in this particular case constituted an abuse of the trial court's discretion.
Although unnecessary to the ultimate resolution of this case, there is another consideration which lends support to the conclusion that the trial court erred in dismissing this suit. It is obvious from our reading of the trial court's reasons, the briefs of both parties,[3] and the transcript of evidence taken at the hearing which resulted in the dismissal that all parties were proceeding under the assumption that a motion to dismiss had been filed and fixed for hearing. A proceeding to impose sanctions for failure to comply with a discovery order should be instituted by written contradictory motion. La.C.C.P. Arts. 961-963. Such a hearing requires proper notice. Billiot v. Sea Life, Inc., 384 So.2d 1023 (La.App. 4th Cir.1980).
The only written, contradictory motion contained within the record is the rule for contempt filed some eight months prior to the hearing. This rule was never served. See La.C.C.P. Art. 225. While it was continued on one occasion to September 17, 1982, by written order, this date passed without any further action. This rule for contempt is not referred to again nor was any further attempt made to refix a hearing date or effect service of it on Henson. It is ordinarily incumbent upon the proponent of a motion to move for a hearing date. Otherwise, it may be considered that the motion has been abandoned. State v. Wagster, 361 So.2d 849 (La.1978). Furthermore, when the moving party fails to call his motion to the attention of the court and insist upon a ruling thereon but instead files other pleadings inconsistent therewith, he may be held to have abandoned his first motion, depending on the circumstances and the equities. Kemper v. Doyal, 212 So.2d 166 (La.App. 3d Cir.1968).
Under the facts of this case, we conclude that defendants by their actions abandoned their earlier rule for contempt and proceeded to obtain an order fixing a hearing date on a non existing "pending" motion to dismiss. The order fixing this "motion" for hearing was signed some eight months after the original rule was filed. In our view, this order was improperly issued because it was not based on a properly filed motion to dismiss. Compare Dibert, Bancroft & Ross Co., Ltd. v. Westinghouse Air Brake Co., 323 So.2d 482 (La.App. 4th Cir. (1975). While it is obvious that all concerned proceeded as if a valid motion was pending, and no objections were made, we are of the opinion that it would be unjust and inequitable to allow this suit to be dismissed as to this unrepresented plaintiff upon the posture of this record.
Because the sanction of dismissal of a lawsuit is a drastic remedy it should be imposed only in extreme circumstances and after all procedural safeguards have been followed. The trial court in its reasons specifically found that all procedural safeguards had been followed prior to the imposition of the sanction. Contained within its reasons is a reference to the earlier hearing date on the rule for contempt which leads us to believe that the trial court felt that the rule had in fact been a motion to dismiss. Accordingly, because of the confused state of the record, the trial court obviously believed that it was conducting a hearing on a motion to dismiss. Additionally, while La.C.C.P. Art. 1471 contemplates dismissal as a sanction, it also contains other less onerous sanctions which might have been considered by the trial court had a proper motion been before the court for review and consideration. It is apparent that the trial court did not consider alternative sanctions in arriving at its decision to dismiss this suit. The trial court's specific finding that all procedural *48 safeguards had been followed prior to the dismissal is in error. Henson had received no notice of any written motion to dismiss other than an order fixing the non-existent motion for hearing. He had obviously been informed through informal channels that he was to attend a hearing on a motion to dismiss but a proper motion had not been served on him.
While lack of service in and of itself may be waivable, when all of these facts are construed together, we conclude that the imposition of the ultimate sanction of dismissal in this case constituted an abuse of discretion.
For the foregoing reasons, the judgment of the trial court dismissing the suit is reversed, the suit against defendants is reinstated, and the case is remanded to the district court for proceedings consistent with this opinion. Costs of this appeal are cast against appellees.
JUDGMENT REVERSED; CASE REMANDED.
NOTES
[1] Despite the fact that Clayton Bankston, Jr. was the attorney of record for Henson during this pertinent period according to the record, there was no service on Bankston, no reference was made to him by the court or the parties, and Henson represented himself.
[2] The trial court did not recognize and may not have realized that Bankston had enrolled and had never officially withdrawn.
[3] Henson obtained new counsel after the April 4, 1983 hearing.