SEXTON, Judge.
Grace Wilson, administratrix of the estate of her minor son, Eddie Emil Kelly, instituted this action to recover for the personal injuries suffered by her son when he was struck by a car. Named as defendants were Leroy Jenkins, driver of the car; Captan Jack Wyly, Jenkins’ employer; and Travelers Insurance Company, Wyly’s general and automobile liability insurer. The State of Louisiana, Department of Health and Human Resources (DHHR) intervened seeking recovery against defendants for assistance payments and/or medical payments paid on behalf of plaintiff. Confederate Memorial Medical Center also intervened for recovery of medical services and supplies furnished to Eddie Kelly as a result of the injuries sustained in the accident.
After a trial, the trial court found that Jenkins was negligent in striking the child but was not acting in the course and scope of his employment. The court rendered judgment adverse to defendants Leroy Jenkins and Travelers Insurance Company, in solido, and in favor of plaintiff for $204,-075.54 for loss of earnings and $50,000 for pain and suffering and future medication. Additionally, the trial court awarded judgment in favor of DHHR and Confederate Memorial Medical Center for $2,458.63 and $2,692.00, respectively. From this judgment, only Travelers appeals. Having found merit in certain of Travelers’ contentions, we reverse as to appellant.
Certain facts are undisputed. Having found merit in certain of Travelers’ contentions, we reverse as to appellant.
Certain facts are undisputed. On April 28, 1974, a car driven by Leroy Jenkins struck a seven year old child, Eddie Emil Kelly, when the child was crossing a street in Lake Providence, Louisiana. As a result of this collision, the child suffered serious injuries, including a cerebral contusion, and numerous fractures.
A major point of contention at trial was whether at the time of the accident, Leroy Jenkins was driving a Ford or a GMC vehicle. The trial court concluded that Jenkins was driving a Ford pickup. The court noted that the automobile insurance policy issued by Travelers to Captan Jack Wyly listed a 1962 Ford half-ton pickup with a *892 license plate number similar to that recorded on the accident report and, consequently, found that the policy covered the vehicle involved in the collision.
The trial court also determined that Travelers was liable under a policy of general liability insurance. The trial court made this finding as a sanction against the insurance company for their failure to comply with a subpoena duces tecum.
Initially, appellant takes issue with the factual finding that Jenkins was driving a Ford, claiming that it is manifestly erroneous. Our review of the record convinces us that appellant is correct. The accident report introduced in evidence shows the vehicle Mr. Jenkins was driving at the time of the accident to be a GMC. Mr. Jenkins, who is illiterate, gave inconsistent testimony as to the model year of the vehicle which he was driving at the time of the collision. However, throughout his testimony both at trial and by deposition, Jenkins consistently reiterated the fact that he was sure he was driving a GMC vehicle when he struck the child. Jenkins did testify that at the time of the accident he also owned a Ford pickup truck. We can only assume that the trial court relied upon this testimony in making this factual determination that Jenkins was driving a Ford at the time of the collision because this is the only record evidence concerning a Ford pickup. We conclude that such a finding based on that evidence was manifestly erroneous and unsupported in the record.
Having thus concluded, we note that the automobile insurance policy issued by Travelers Insurance Company to Captan Jack Wyly reflects that by its terms:
Each of the following is an insured under Part I:
(a) with respect to the owned automobile,
(1) the named insured and any resident of the same household,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3)any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer,
provided actual operation by the named insured or relative or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.
Clearly, Jenkins’ use of the vehicle did not fall within the ambit of insurance protection afforded by this policy. He was not the named insured or a relative of the named insured. Plaintiff attempted to prove that Captan Jack Wyly owned the vehicle by virtue of the fact that Bill Wyly, Captan Jack’s brother and business manager, gave Jenkins the money to buy the vehicle. However, it was not established at trial that the vehicle belonged to Wyly. To the contrary, although the evidence is somewhat confusing on this point, it appears that Wyly bought the vehicle for Jenkins and withheld an amount from his salary each week. Apparently, a similar financing arrangement or out right purchase of a vehicle was also confected for another of Wyly’s farm hands. Additionally, we note that the minutes of court reveal that at a hearing on an opposition to a motion to produce certain documents relative to ownership and insurance discussed more fully infra, Jenkins produced a title and pink slip to a vehicle. Although the minutes do not indicate what vehicle this proof of ownership relates to, and the doc *893 uments are not included in this record, the opposition to the motion to produce based on Wyly’s complaint that he did not own the vehicle was sustained. Therefore, the clearest indication from this record is that Jenkins owned the vehicle. Consequently, the policy terms with respect to a non-owned automobile are such that Jenkins’ vehicle was not covered.
Having concluded that the trial court erred in finding coverage under the automobile insurance policy, we progress to examine appellant’s complaint that the trial court erred in finding coverage under a policy of general liability insurance issued by Travelers to Captan Jack Wyly as a sanction for Travelers’ non-production of a certified copy of the document in response to a subpoena duces tecum. In order to fully evaluate this claim, it is necessary to set forth in a chronological fashion the various discovery motions filed in this litigation as well as the subpoenas duces te-cum issued.
This suit was instituted on April 4, 1975. On August 7, 1975, plaintiff filed a motion for production of documents, claiming that Captan Jack Wyly had in his possession certain documents and papers, specifically “1) Title and pink slip of a 1961 GMC Pick-Up Truck; 2) all insurance policies on defendant, Captan Jack Wyly, his trucks, and his employees.” An appropriate order issued to Captan Jack Wyly and Travelers Insurance Company to produce these documents. On the same day, plaintiff also filed an additional motion for production of documents alleging that defendant, Leroy Jenkins, had in his possession certain papers consisting of the following: “1) Title and pink slip on a 1961 GMC Pick-Up Truck; 2) Insurance Policy on said truck.” However, in spite of the allegation that Leroy Jenkins was the party possessing these documents, an order issued commanding Captan Jack Wyly and Travelers Insurance Company to produce these documents at the time designated in the other mentioned order. Thereafter, defendants, Captain Jack Wyly and the Travelers Insurance Company, filed an opposition to the motion for production of documents alleging that Captain Jack Wyly did not own a 1961 GMC pickup truck and accordingly could not produce the title and pink slip to the vehicle. The motion further alleged that the vehicle involved in the accident was a 1963 GMC station wagon Carryall which was owned by Leroy Jenkins. The motion also stated that although Captan Jack Wyly had several policies of insurance, Leroy Jenkins was driving his own vehicle on a mission for his own benefit and any policies of insurance owned by Captan Jack Wyly would be irrelevant and immaterial to the action and beyond the scope of reasonable discovery.
The minutes of court for September 2, 1975 reveal that it was stipulated by the parties that if Captan Jack Wyly were to testify on the rule it would be his testimony that he presently did not own nor has he ever owned a 1961 GMC pick-up truck. It was further stipulated that on April 28, 1974, Leroy Jenkins was not working for Captan Jack Wyly. The minutes show that the opposition to the motion for production of documents was sustained on the grounds that Mr. Wyly could not produce documents on a vehicle which he did not own and further show that Jenkins at that time produced a title and pink slip.
On June 29, 1983, by way of a motion and order to produce, plaintiff sought to obtain discovery of the existence and content of:
“any insurance agreement or agreements issued by TRAVELERS INSURANCE COMPANY or issued by insurance companies unknown to petitioners and issued to CAPTAIN [sic] JACK WYLY and/or on a 1963 GMC Station Wagon Carry-All, or a 1961 GMC Pickup with license plate number 60-F-982 in the year, 197⅛, of whatever nature and kind, and/or issued by any insurance company or companies which may be liable to satisfy part or all of a judgment which may be entered in this proceeding or to indemnify or reimburse for payment made to satisfy any judgment that may be entered in these proceedings, or *894 the existence and contents of any insurance agreement or policies that may be liable to satisfy part or all of a judgment which may be entered in this proceeding or to indemnify or reimburse for payment made to satisfy any judgment that be granted in these proceedings as it relates to the personal injury action for damages more fully set forth in these proceedings by petitioners.” (emphasis supplied)
An order was signed in accordance with this motion and the time for production of the documents was set for June 7, 1983. The minutes reflect that no action was taken on this motion.
On July 5, 1983, a subpoena duces tecum issued to Travelers Insurance Company commanding that it produce on July 19, 1983:
“All applications or correct copies of such applications for the issuance of insurance policies covering any and all vehicles, particularly a 1963 GMC Station Wagon Carry-All or a 1961 GMC Pickup with license plate number 60-F-982, that CAPTAIN [sic] JACK WYLY had insured with the Travelers Insurance Company prior to the year, 1976.” (emphasis supplied)
The affidavit attached to the subpoena stated that, with this information, plaintiff intended to establish ... “that the policy of general liability insurance in existence at the time of the accident in the above cause, issued by TRAVELERS INSURANCE COMPANY in favor of CAPTAIN [sic] JACK WYLY, insured the vehicle driven by LEROY JENKINS at the time of the accident; that CAPTAIN [sic] JACK WYLY applied for the insurance policy as the owner and was the owner of the vehicle involved in the accident.”
Due to rescheduling of the trial date to September 8, 1983, plaintiff filed a motion to reissue the subpoenas and subpoenas duces tecum on August 12, 1983.
Trial was begun in the matter on September 8, 1983 and continued until October 7, 1983. At the beginning of the trial, plaintiff’s attorney announced ready for trial and made no mention of the outstanding subpoenas duces tecum.
At trial, defendant produced the automobile liability insurance policy mentioned previously. Also introduced was a comprehensive “General Liability Insurance Coverage Part.” This document was not a copy of Mr. Wyly’s general insurance policy, but was rather a coverage sheet which set forth in broad and general terms the type of liability coverage afforded by a general liability policy issued by Travelers. Plaintiff did not object to the introduction of this document into evidence.
In reasons for judgment, the trial court found that Travelers had failed to comply with the subpoena duces tecum by not producing a certified copy of the general liability insurance policy issued by Travelers to Wyly and, consequently, sanctioned the defendants by finding that coverage existed under the general liability insurance policy. Defendants argue that since no objection to the introduction of the document was lodged by plaintiff, such a sanction was inappropriate. Furthermore, they argue that because plaintiff failed to complain about the adequacy of the return of the subpoena at trial, they were deprived of the opportunity to explain their reason for nonproduction of the policy.
In resolving this issue, we first note that plaintiff filed a motion and order for production of documents on June 3, 1983, which was not acted upon. We note, however, that the trial court clearly imposed the sanction in this case because of the failure to comply with a subpoena duc-es tecum, and not for failing to comply with the order for discovery. We make note of this distinction because each procedural device contains its own separate and distinct rules for sanctions when one who is an adverse party fails to comply with them. Ashley v. Nissan Motor Corporation in U.S.A., 321 So.2d 868 (La.App. 1st Cir. 1975), writ denied 323 So.2d 478 (La.1975). Moreover, we note that a proceeding to impose sanctions for failure to comply with a discovery order should be instituted by a *895 written contradictory motion. LSA-C.C.P. Arts. 961-963; Henson v. Copeland, 451 So.2d 41 (La.App. 2d Cir.1984). Furthermore, it is ordinarily incumbent upon the ■ proponent of a motion to move for a hearing date. Otherwise, it may be considered that the motion has been abandoned. State v. Wagster, 361 So.2d 849 (La.1978); Henson v. Copeland, supra. Thus, for the reasons expressed, we are governed by the rules for the issuance of and the sanctions for failure to comply with a subpoena duc-es tecum.
LSA-C.C.P. Art. 1354 provides:
Art. 1354. Subpoena duces tecum
A subpoena may order a person to appear and/or produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or photostatic copies may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents or other things to appear as his representative.
When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written statement under oath as to what facts he believes the books, papers, documents, or tangible things will prove, and a copy of such statement must be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.
As was previously mentioned, the coverage sheet explaining the general terms of liability coverage, and the automobile policy of Captan Jack Wyly were introduced at trial with no objection. At no time during the trial did plaintiff express dissatisfaction with the return made on the subpoena duces tecum. Plaintiff announced ready for trial without seeking to determine whether a return had been made on the subpoenas duces tecum or determining whether the return was satisfactory for his purposes. Consequently, we find that imposition of the sanction of admission of the facts contained in the attached affidavit was inappropriate.
Moreover, we are strengthened in our conclusion by the fact that the subpoena duces tecum issued to Travelers Insurance Company commanded that it produce all applications for the issuance of insurance policies made by Captan Jack Wyly prior to the year 1976. We note that in plaintiffs affidavit plaintiff stated that, with this evidence, plaintiff intended to establish that the policy of general liability insurance in existence at the time of the accident insured the vehicle driven by Leroy Jenkins and that Captan Jack Wyly applied for the insurance as the owner of the vehicle involved in the accident. However, it would be impossible for plaintiff to prove insurance coverage through the production of an application for insurance.
In conclusion, we hold that under the above circumstances, the trial court committed manifest error in basing her judgment against defendant Travelers Insurance Company solely on the basis of the statement of facts deemed to be admitted as a sanction for failure to comply with a subpoena duces tecum. Accordingly, having determined that plaintiff did not sustain her burden of proving that insurance coverage existed under the automobile policy or under the policy of general liability insurance, we reverse the judgment of the trial court as to defendant Travelers Insurance Company. We hereby recast that judgment to omit Travelers Insurance Company as a solidarily liable defendant.
*896 Since we conclude that the judgment must be reversed on these grounds, it is unnecessary to address appellant’s further contentions.
All costs of this appeal are assessed to plaintiff.
REVERSED IN PART and RENDERED.