480 So.2d 417 (1985)
Rev. Elbert M. FULGHAM
v.
AN UNKNOWN POLICE OFFICER, a Servant of the New Orleans Police Department and the City of New Orleans.
No. CA-3606.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
*418 James A. Gray, II, New Orleans, for appellant.
Harry A. Rosenberg, Phelps Dunbar Marks Claverie & Sims, New Orleans, for appellee City of New Orleans.
Before BARRY, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
This appeal arises out of the granting of an Ex Parte Motion for Dismissal filed by appellee, the City of New Orleans.
Rev. Elbert M. Fulgham, plaintiff-appellant, filed a suit for damages on July 21, 1982 for false arrest against "An Unknown Police Officer" and the City of New Orleans, ["City"]. Together with the suit, appellant filed a set of interrogatories which, among other things, requested the name of the arresting officer. The City's answer to the suit, filed in November of 1982, named the arresting officer. Answers to the Interrogatories were not filed until August of 1983, when the City again named the "Unknown" officer. At no time did appellant amend his suit to specifically name the officer. On December 15, 1983 the City filed a "Request for Production of Documents" and "Interrogatories". Appellant filed his Answer to Interrogatories on January 19, 1984 but failed to produce the requested documents. After several contacts between the parties failed to produce the documents, the City filed a "Motion to Compel Response to Discovery and for Imposition of Sanctions" on November 7, 1984. After a contradictory hearing on November 30, 1984, the court ordered appellant to produce the documents in question by December 14, 1984, or face dismissal. Finally, on December 18, 1984, when appellant still failed to produce the documents or to provide any reason for his failure, the City obtained an Ex Parte Judgment dismissing of the entire suit at appellant's costs.
Appellant now comes before this court contending that the trial court erred in dismissing the "Unknown Police Officer" and in granting the Motion for Dismissal ex parte.

SANCTIONS
The trial court is vested with much discretion in imposing sanctions for failure to comply with a discovery order and his choice of sanctions will not be reversed absent a clear showing that he abused that discretion. C.C.P. 1471; Henson v. Copeland, 451 So.2d 41 (La.App. 2nd Cir.1984), Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982). The sanction of dismissal is clearly the most severe and should be imposed only in extreme circumstances where the plaintiff is clearly aware that his non-compliance will result in dismissal of his action. Henson v. Copeland, supra. Where a party fails to timely respond to requests and/or motions to compel discovery the burden is on the party so failing to show why he failed to comply. Allen v. Smith, 390 So.2d 1300 (La. 1980).
In the case at bar, the City filed its interrogatories and motion to produce on December 15, 1983. More than one month later, on January 19, 1984 appellant filed allegedly incomplete answers to those interrogatories and nothing in response to the request for production. The City's attorney contacted counsel for appellant on several occasions in an attempt to obtain the information, apparently to no avail. Finally, on November 7, 1984, some eleven months after the request for production, the City filed a motion to compel discovery. Counsel for appellant was present at the hearing but failed to provide any reason why he failed to comply with the discovery request and in fact he did not oppose the City's Motion to Compel. Appellant did however, request additional time in which to comply with the request. The trial court allowed appellant two weeks, until December 14, to comply and clearly stated that *419 failure to do so would result in dismissal of the suit. When appellant failed to comply within the allotted time period the suit was dismissed upon the City's ex parte motion.
Under these circumstances, considering appellant's inexcusable failure to comply with the City's request and the court's order and the fact that appellant was clearly aware of the consequences of inaction, we find no abuse of discretion in dismissing this suit. Accordingly, the judgment of the trial court, regarding the City is affirmed.

THE UNKNOWN OFFICER
Appellant contends alternatively that the trial court should have dismissed only the city and not the officer as it was the City who filed the interrogatories. We agree.
The record shows that appellant was supplied with the name of the "unknown Officer" on at least two separate occasions. First, in the City's answer to the suit and in the City's answers to appellant's interrogatories. Nevertheless, appellant failed to amend his petition to so reflect or to have the officer served so that he could have sufficient notice that a suit was pending against him.
C.C.P. Art. 1201 states:
Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
No valid judgment can be rendered either for or against a defendant who has not been served with citation. Poche v. Dauzat, 174 So.2d 845 (La.App. 4th Cir. 1965).
Accordingly, we must find that any judgment involving the officer was a nullity.
For the foregoing reasons, we affirm the judgment dismissing the City from the suit at appellant's cost, but set aside the judgment dismissing the officer.
Costs of this appeal are to be borne equally by the parties.
AMENDED IN PART AND REVERSED IN PART.