496 So.2d 435 (1986)
Tommy SKIDMORE and Julia Robinson
v.
Ray A. SALVADRAS and Safeco Insurance of America.
No. 85 CA 0403.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*436 Milton Osborne, Jr., Baton Rouge, for plaintiffs-appellants Tommy Skidmore, et al.
Arthur H. Andrews, Baton Rouge, for defendants-appellees Ray A. Salvadras, et al.
Before GROVER L. COVINGTON, C.J., and WATKINS, SHORTESS, ALFORD and LANIER, JJ.
WATKINS, Judge.
This is an appeal by the plaintiffs and their attorney, Milton Osborne, Jr., from a trial court judgment in favor of the defendants and several other persons awarding damages to them for the plaintiffs' failure to attend their depositions noticed by the defendants. In addition, the judgment prohibited the plaintiff, Tommy Skidmore, from testifying at the trial of this matter.
*437 The depositions of the plaintiffs, Tommy Skidmore and Julia Robinson, were noticed by Arthur H. Andrews, counsel for defendant, Ray Salvadras, and his insurer, Safeco Insurance of America (Safeco), for August 6, 1984, at 10:00 a.m. and 11:00 a.m. Joyce Parker, Andrews' secretary, testified at the sanctions hearing that she personally scheduled these depositions through phone conversations and correspondence with Osborne prior to their actually being noticed on July 27, 1984. At the request of Osborne, arrangements were made so that he could take the deposition of Salvadras on the same date.
Osborne testified that on the morning of August 6, 1984, he attempted unsuccessfully to contact his clients to confirm their attendance at the depositions since correspondence previously sent to them had not been answered. He stated that upon learning of their probable absence at the depositions, he tried to notify all counsel of the problem. All the other parties were already present at the court reporter's office when they learned of the inability of Mr. Osborne to produce his clients for their depositions. Defendant, Salvadras, and John W. Wilbert, Jr., the attorney representing him in another suit against Skidmore and in this suit, for any judgment in excess of his insurance policy limits, were present and ready for his deposition to be taken by Osborne as he had requested. A proces verbal was taken by Andrews because of Osborne having failed to appear not only for his clients' deposition, but also for Salvadras' deposition.
Pursuant to LSA-C.C.P. art. 1473, Salvadras and Safeco, on August 8, 1984, filed a motion for sanctions to be imposed due to the plaintiffs' failure to attend the scheduled depositions. A hearing was held on October 5, 1984, with the following judgment being rendered that day and signed on October 22, 1984.
IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs in rule have suffered damages in the form of attorneys fees and expenses incurred by them and accordingly there is judgment herein in favor of Safeco Insurance Company of America [sic], Ray A. Salvadras, John W. Wilbert, III, Arthur H. Andrews and Janet Parker & Associates in the full sum of $300 and against Milton J. Osborne, Jr. individually and alone as their interest may appear.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Safeco Insurance Company of American [sic], Ray A. Salvadras, Arthur H. Andrews, John W. Wilbert, III and Janet Parker & Associates, Inc. in the full sum of $300 as their interest may appear and against Tommy Skidmore for his failure to appear at their deposition as noticed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff Tommy Skidmore be precluded from presenting any testimony by Tommy Skidmore at the trial of this action.
IT IS FURTHER ORDERED, ADJUDED [sic] AND DECREED that all costs of these proceedings be paid by Tommy Skidmore.[1]
This devolutive appeal followed. Appellees had previously filed a motion to dismiss this appeal which was denied by this Court. See, Skidmore v. Salvadras, 478 So.2d 541 (La.App. 1st Cir.1985).
A trial court is vested with much discretion in imposing sanctions for failure to comply with a discovery order and its choice of sanctions will not be reversed absent a clear showing that it abused that discretion. LSA-C.C.P. art. 1471; Lafourche Gas Corporation v. Daniel Oil Company, 484 So.2d 734, 735 (La.App. 1st Cir.1986). The ultimate sanction for a recalcitrant plaintiff who fails to comply with discovery orders is dismissal of the suit, and the ultimate sanction for such a defendant is the issuance of a default judgment. Robinson v. Miller, 423 So.2d 45, 48 *438 (La.App. 1st Cir.1982). Since the sanction of dismissal is clearly the most severe, it should be imposed only in extreme circumstances where the plaintiff is clearly aware that his noncompliance will result in dismissal of his action. Fulgham v. An Unknown Police Officer, 480 So.2d 417, 418 (La.App. 4th Cir.1985); Henson v. Copeland, 451 So.2d 41, 47 (La.App. 2nd Cir.1984). Dismissal of an action for failure to comply with discovery is an abuse of discretion where the record does not show that the failure was due to the wilfulness, bad faith or fault on the part of the plaintiff or his attorney. Allen v. Smith, 390 So.2d 1300 (La.1980).
In the case at hand, the trial court did not specifically order the dismissal of Tommy Skidmore's suit. However, the effect of its ruling that Skidmore would not be allowed to testify in this matter is equivalent to a dismissal of his cause of action altogether. The harshness of this sanction is borne out by the fact that this was the first time these depositions were scheduled and the inability of the defendants to depose the plaintiff was not a recurring problem.[2] Therefore, the prohibition against Skidmore presenting testimony is clearly an abuse of the trial court's much discretion and accordingly that portion of the judgment will be reversed.
Additionally, the trial court awarded monetary penalties of $300.00 each against Osborne and Skidmore in favor of Safeco, Salvadras, Andrews, Wilbert, and Parker, the court reporting service. Although we are in agreement with the trial court that monetary sanctions are appropriate in this case, we are not in agreement with the manner in which they were apportioned. Also, the judgment incorrectly awarded amounts to persons not proper parties before the court.
The motion for sanctions was filed by Salvadras and Safeco against both of the plaintiffs. Judgment, however, was rendered individually against only one plaintiff, Skidmore, and the plaintiffs' attorney, Osborne, but not against the other plaintiff, Robinson. Although not a party, Osborne, as attorney for the parties, was properly held liable for the reasonable expenses incurred. LSA-C.C.P. art. 1473. The trial court though was in error in failing to render judgment against both plaintiffs since the record reflects that each was at fault in failing to appear for the scheduled depositions. In addition, the trial court was incorrect in awarding individual judgments of $300.00 against Osborne and Skidmore. The total judgment of $600.00 should have been rendered against Osborne, Skidmore and Robinson, in solido. LSA-C.C.P. art. 1473.
Finally, the trial court incorrectly granted judgment in favor of Arthur H. Andrews, John Wilbert, III and Janet Parker and Associates since these persons were not parties properly before the court. Although Salvadras and Wilbert may have been entitled to reimbursement for reasonable expenses incurred due to the failure of Osborne to appear for the taking of Salvadras' deposition as scheduled, LSA-C.C.P. art. 1447, no motion was filed by these parties for such reimbursement.
Therefore, based upon the above reasons we affirm only that portion of the trial court's judgment granting reimbursement to the defendants pursuant to LSA-C.C.P. art. 1473 for attorney's fees and expenses they incurred due to the failure of the plaintiffs to appear for their properly noticed depositions. However, that portion of the trial court judgment imposing the sanction barring Tommy Skidmore from testifying at trial is reversed. Likewise, that portion of the judgment casting only the plaintiff, Skidmore, and his attorney, Osborne, individually, for damages of $300.00 each in favor of Andrews, Wilbert and Parker is reversed.
Accordingly, we will render judgment in favor of the movers/defendants, Ray A.
*439 Salvadras and Safeco Insurance of America, and against the plaintiffs, Tommy Skidmore and Julia Robinson, and their attorney, Milton Osborne, Jr., in solido, in the amount of $600.00 as reimbursement for expenses and attorney's fees incurred by the movers due to the failure of the plaintiffs to appear for their depositions. All costs of this proceeding are to be borne by the appellants.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
LANIER, J., concurs in the result.
GROVER L. COVINGTON, C.J., dissents. I would affirm.
NOTES
[1] All references to the plaintiff, Julia Robinson, were deleted from the judgment by the trial judge.
[2] The record indicates that the defendants had renoticed the plaintiffs' depositions for December 11, 1984.