577 So.2d 781 (1991)
Brenda HALLEY, Appellee,
v.
Joe GUERRIERO, et al., Appellants.
No. 22204-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*782 Brenda Halley, Slidell, appellant in pro. per.
Hudson, Potts & Bernstein by Robert M. Baldwin, Monroe, for appellee.
Before NORRIS, LINDSAY and BROWN, JJ.
PER CURIAM.
In this legal malpractice case the trial court dismissed the plaintiff's suit for failure to comply with a discovery order. The plaintiff now appeals pro se, urging an abuse of discretion in imposing sanctions. For the reasons expressed, we set aside the judgment and remand the case.
Because the issue, discovery sanctions, is narrow, we will not belabor the factual allegations and the long procedural history of the case. Ms. Halley's original and amended petitions sought damages for alleged malpractice and related misconduct. The defendant propounded interrogatories in July 1989; when after two months these were not answered, the defendant moved to compel answers. Ms. Halley did not appear at the hearing (she contended that notice was served on her recently discharged lawyer, whose affidavit supports the claim); the court issued an order compelling discovery on October 17, 1989. Ms. Halley filed pro se responses on November 6. The defendant considered these insufficient; he moved to compel more adequate answers. Hearing on this rule was set for January 30, 1990 and Ms. Halley received timely notice. Prior to the date of this hearing Ms. Halley filed a "rule," in effect, to stay the proceedings; this was denied.
At the hearing on January 30 Ms. Halley did not appear. Counsel for the defendant acknowledged receiving supplemental responses (these appear in the record as filed twice, on January 25 and 30) but told the court that six of the 20 responses were still inadequate. Without reviewing the interrogatories or responses on the record, the court granted an order compelling discovery within 10 days or the suit would be dismissed without prejudice. The following day, January 31, the court amended its order sua sponte to mandate dismissal with prejudice as the sanction for noncompliance.
*783 When Ms. Halley received notice of the order she filed her first motion for appeal. The trial court granted the order of appeal on February 12 and fixed a return date.
Three days later, February 15, the defendant filed a motion to dismiss for failure to comply with the discovery order. The trial court granted this motion without a hearing and apparently in chambers (there is no minute entry for February 15, 1990).
This court dismissed Ms. Halley's first appeal because it was from an interlocutory decree dealing with discovery. La.C. C.P. art. 2083. The instant appeal was filed and granted on April 16.
We find a jurisdictional defect which mandates setting aside the judgment of dismissal. When a trial court grants an order of devolutive appeal, jurisdiction is divested from the trial court and attaches in the appellate court. La.C.C.P. art. 2088. The trial court retains authority over certain matters unaffected by the appeal, enumerated in art. 2088, but dismissing the case is not one of these. The trial court was without jurisdiction to dismiss Ms. Halley's suit even though her first appeal was later dismissed as interlocutory. Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5th Cir.), writ denied 504 So.2d 877 (1987), and citations therein. The instant judgment of dismissal is null for lack of jurisdiction and will be set aside.
We also find a notice defect which would mandate reversal. When an order applied for by written motion is one to which the mover is not clearly entitled, it must be served on and tried contradictorily with the adverse party. La.C.C.P. art. 963. The instant motion to dismiss for noncompliance required supporting proof and should not have been handled ex parte. Succession of Miller, 432 So.2d 1043 (La. App. 1st Cir.1983). Specifically, a proceeding to impose sanctions for failure to comply with a discovery order must be by written contradictory motion. Henson v. Copeland, 451 So.2d 41 (La.App. 2d Cir. 1984). For this reason the practice of incorporating a sanction in a discovery order and then imposing the sanction ex parte is disapproved. Henson v. Copeland, supra; Viator v. Sonnier, 355 So.2d 1091 (La.App. 3d Cir.1978); Crowell v. St. Paul Fire & Marine Ins. Co., 490 So.2d 288 (La.App. 3d Cir.1986).
The cases of Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985), and Landry v. LeMaire, 527 So.2d 595 (La.App. 3d Cir.1988), which appear to allow ex parte dismissal for failure to comply with a discovery order, are not followed as the notice issue was not considered therein. The instant judgment of dismissal, arising ex parte, could not be affirmed.
Finally we note that dismissal with prejudice is a drastic penalty and should be reserved for extreme circumstances. Allen v. Smith, 390 So.2d 1300 (La.1980), and citations therein. Because there was no hearing on the instant motion to dismiss we cannot be certain what factors the trial court considered in granting the motion; however, this record will not easily support a judgment of dismissal. Ms. Halley's filings (amended responses to interrogatories and the motion to stay) present a colorable, if poorly articulated, reason for noncompliance, thus suggesting "inability" rather than "wilfulness, bad faith or any fault of petitioner." Allen v. Smith, supra. To support a dismissal on remand, the record must reflect that the trial court considered and rejected the extenuating circumstances advanced in Ms. Halley's filings. Allen v. Smith, supra.
The judgment is set aside and the case remanded. Costs are assessed to the appellee, Joe D. Guerriero.
JUDGMENT SET ASIDE AND CASE REMANDED.