liBROWN, Judge.
Plaintiff, Victor Manning, filed suit against defendant, J.C. Penney Company, Inc., seeking damages in tort. Manning’s claim was dismissed for failure to comply with an order compelling discovery. Manning has appealed. We reverse the trial court’s judgment and remand for further proceedings.

Facts

In November 1995, Manning filed suit alleging that J.C. Penney’s security personnel had unreasonably detained him and falsely accused him of shoplifting.[1] In October 1996, J.C. Penney propounded discovery to *272 Manning through his counsel. As of July 1997, J.C. Penney’s discovery request remained unanswered, despite the fact that five letters had been mailed to Manning’s counsel requesting such. On July 9, 1997, J.C. Penney filed a motion to compel answers to its discovery.
Manning was ordered to show cause on July 28, 1997, why the motion to compel should not be granted. Manning’s counsel had a conflict on that date and did not actually appear for the hearing, but apparently spoke beforehand with J.C. Penney’s attorney. J.C. Penney’s counsel informed the trial court that Manning’s counsel advised her to present her order to the court and notify him of the time limit set by the court. J.C. Penney’s counsel also requested service on Manning. The trial court ordered Manning to comply with the request for production and answer the interrogatories by August 8, 1997, and ordered him to pay court costs and expenses of the motion to compel in the amount of $140. The order further stated that non-compliance within ten days of service would result in dismissal of ^Manning’s action without prejudice. Service of this order was not made until August 11,1997.
On August 11,1997, J.C. Penney submitted an order of dismissal to the trial court with an affidavit asserting that J.C. Penney’s counsel mailed Manning’s attorney a copy of the order compelling discovery on July 28, 1997, and left a message with his answering service informing him of the order. The affidavit further stated that the attorney’s secretary returned the call on July 30, 1997, at which time the secretary related that she was working on the discovery answers. As of August 11, 1997, J.C. Penney had still not received the requested discovery. Without a contradictory hearing, the trial court signed the order dismissing Manning’s action without prejudice on August 11,1997.
Thereafter, Manning filed a motion for new trial or reconsideration asserting that he did not receive service of the order to compel until August 11, 1997, that he provided the discovery to J.C. Penney within ten days of service and that he paid the $140 in court costs and expenses as ordered. The trial court denied Manning’s motion.

Discussion

La. C.C.P. art. 1471 states in relevant part:
If a party ... fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
[[Image here]]
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
The trial court may compel discovery and, as such, impose sanctions for the failure to comply with that order. Because the imposition of such a sanction |3against a recalcitrant party is within the trial court’s discretion, it will not be disturbed absent a clear abuse of discretion. Henson v. Copeland, 451 So.2d 41 (La.App. 2d Cir.1984); Butts v. Cummings, 360 So.2d 534 (La.App. 2d Cir.1978).
However, a proceeding to impose sanctions for failure to comply with a discovery order should be instituted by written contradictory motion. La. C.C.P. arts. 961-963; Henson, supra. In Halley v. Guerriero, 577 So.2d 781 (La.App. 2d Cir.1991), the court stated:
When an order applied for by written motion is one to which the mover is not clearly entitled, it must be served on and tried contradictorily with the adverse party. La. C.C.P. art. 963. The instant motion to dismiss for noncomplianee required supporting proof and should not have been handled ex parte. Succession of Miller, 432 So.2d 1043 (La.App. 1st Cir.1983). Specifically, a proceeding to impose sanctions for failure to comply with a discovery order must be by written contradictory motion. Henson v. Copeland, 451 So.2d 41 (La.App. 2d 1984). For this reason the practice of incorporating a sanction in a *273 discovery order and then imposing the sanction ex parte is disapproved. Henson v. Copeland, supra; Viator v. Sonnier, 355 So.2d 1091 (La.App. 3d Cir.1978); Crowell v. St. Paul Fire & Marine Ins. Co., 490 So.2d 288 (La.App. 3d Cir.1986).
In the instant case, no motion for dismissal was filed. J.C. Penney simply submitted the order of dismissal with an affidavit to the trial court on August 11, 1997, and the trial court signed the order of dismissal that same day. Therefore, the trial court’s dismissal of Manning’s action under these circumstances constitutes an abuse of discretion.
As there exists a notice defect which mandates reversal, we will not address the issue of Manning’s conduct in allegedly faffing to comply with the discovery order.

14Decree

The judgment of the trial court is REVERSED and the case REMANDED for further proceedings. Costs are assessed to J.C. Penney Company, Inc.
HIGHTOWER, J., concurs, while noting that various assertions within Fn. 1 are based upon plaintiff’s contentions.

. The security guard had apprehended two shoplifters who gave the description of their accomplice as a black male wearing a t-shirt and jeans. Manning, who is a black male, was wearing a t-shirt, jeans and a knit vest; Manning was on his way to the register to purchase clothing which he had tried on and was carrying in plain view.