256 So.2d 340 (1971)
Alvin BOUDREAUX et al., Plaintiffs-Appellants,
v.
Eldon YANCEY et al., Defendants-Appellees.
No. 8639.
Court of Appeal of Louisiana, First Circuit.
December 20, 1971.
Sidney G. Roos, of Roos & Roos, New Orleans, for plaintiffs-appellants.
Iddo Pittman of Pittman & Matheny, Hammond, for defendants-appellees Edon Yancey and State Farm Ins.
*341 France W. Watts, III, of Watts & Watts, Franklinton, for defendant-appellee Shell Oil & Travelers.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiffs appeal from a judgment of the District Court which dismissed their action for the alleged wrongful death of their minor daughter for the failure of their attorney to comply with the pretrial procedures as outlined in the rules of court for the 22nd Judicial District Court for the Parish of St. Tammany. We reverse and remand.
The chronology of events leading up to the instant issue is as follows: Plaintiffs filed their petition on June 4, 1969, for damages growing out of an automobile accident which occurred on June 13, 1968, which allegedly brought about the death of their daughter. Following the usual delays and the filing of answers on the part of the defendants, counsel of record for all parties were notified on April 16, 1970, by the Deputy Clerk of Court that a pretrial conference would be conducted in the office of the District Judge on Monday, June 15, 1970, at 2:00 P. M. o'clock. Attached to the notifications were the rules of court relative to its pretrial procedure.
In essence the rules require that counsel for plaintiff first expedite the holding of a conference with joint counsel present. The contentions of the parties are to be discussed, names of witnesses exchanged, exhibits agreed to where possible, and a preliminary pretrial order prepared. It is this preliminary order that is to form the basis of the final pretrial order to be signed by all counsel and the District Judge. The latter's signature is affixed to the pretrial order in consultation with all counsel in a further effort to delineate the issues to the end that trial on the merits may be conducted in a more orderly and expeditious manner.
SECTION IV of the rules provides:
"In case of failure of any party or counsel for any party to comply with the pretrial procedure described herein, the Court shall impose appropriate sanctions including, by way of illustration only, dismissal of the suit or judgment by default." (Emphasis ours.)
When counsel for plaintiffs failed to appear for the duly scheduled pretrial conference without having previously notified the judge of his inability to be present, the District Court on its own motion entered judgment against plaintiffs "without prejudice".
A considerable portion of the briefs filed on behalf of plaintiffs addresses itself to the question of whether or not the dismissal without prejudice interrupted prescription because a subsequent suit was filed involving the same parties and the same cause of action, C.C.P. Art. 1673.[1] It is not necessary that we respond to this claim. Counsel also argues that Section IV, supra, exceeds statutorily sanctioned procedure and is therefore violative of C.C.P. Art. 1672.[2] This article grants to the trier of fact the right to dismiss an action with or without prejudice when the plaintiff fails to appear on the day set for trial.
On the other hand, counsel for defendants argue that the pretrial procedures are part and parcel of the rules of court and therefore have the effect of law and are *342 binding upon all parties and the court. It is contended that C.C.P. Art. 193[3] provides that a court may adopt rules such as the instant one. They further contend that a sanction of dismissal is not prohibited by law and also cite as their authority C.C.P. Arts. 1672 and 1551.[4]
Lastly, it is strenuously urged that to make any rule effective some penalty must be provided to insure compliance.
In the recent case of Rayborn v. Rayborn, La.App., 246 So.2d 400 (rehearing denied April, 1970, writs refused May, 1970), we had occasion to consider the validity of certain rules adopted by The Family Court for the Parish of East Baton Rouge. In our opinion at page 404 we noted:
"C.C.P. Article 193 is statutory authority for courts to establish rules for the orderly conduct of judicial matters which rules have the effect of law both upon the judge and the litigants. Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967). However, where such rules contravene legislative enactments they must be stricken as null, void and unenforceable. Trahan v. Petroleum Casualty Co., 250 La. 949, 200 So.2d 6 (1967)."
We are forced to conclude that the penalty of dismissal of the plaintiffs' suit for failure to appear at a pretrial conference is not sanctioned by either C.C.P. Article 193 which permits the adoption of court rules or C.C.P. Article 1551 which statutorily outlines pretrial procedure. Neither of these articles sets forth any guidelines which would aid in the establishment of penalties to attach for failure to comply with a pretrial procedure, including failure to appear at the conference itself. Rayborn v. Rayborn, supra, and the authorities therein cited, together with C.C.P. Arts. 193 and 1551, lead us to the inevitable conclusion that rules of court must be subordinate to and certainly cannot go beyond statutory or a principle of substantive law. See also 77 A.L.R.2d 412. In conformity with this view is the following statement contained in 20 Am.Jur.2d, Courts 84.
*343 "§ 84. Extent of power.
Rules of court are mostly concerned with the regulation of matters of procedure and practice. They are used to prescribe the time within which certain procedural acts must be done, or to prescribe certain procedural formalities. But the power of a court to prescribe rules of practice does not extend to the creation of a remedy in addition to that prescribed by the legislature." (citations omitted)
In the case at bar the dismissal of plaintiffs' suit does exceed the provisions of our Code of Civil Procedure, namely 1672, which is the only legislative expression that we are aware of which permits the dismissal of a cause of action for the failure of a party to appear and this is limited to the trial itself.
Accordingly, for the foregoing reasons the judgment appealed from is reversed and this matter is remanded to the district court for a trial on the merits. The cost of this appeal is to be borne by the appellees. All other costs are to await its final disposition.
Reversed and remanded.
NOTES
[1] Art. 1673. Effect of dismissal with or without prejudice

A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.
[2] Art. 1672. Involuntary dismissal

A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.
[3] Art. 193. Power to adopt local rules; publication

A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law. When a court has more than one judge, its rules shall be adopted or amended by a majority of the judges thereof, sitting en banc.
The rules may provide that the court may call a special session of court during vacation, and that any action, proceeding, or matter otherwise required by law to be tried or heard in open court during the regular session may be tried or heard during the special session.
The rules shall be entered on the minutes of the court. Rules adopted by an appellate court shall be published in the manner which the court considers most effective and practicable. Rules adopted by a district court shall be printed in pamphlet form, and a copy shall be furnished on request to any attorney licensed to practice law in this state.
[4] Art. 1551. Pre-trial conference; order

In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.