319 So.2d 806 (1975)
Velma B. and Alvin BOUDREAUX
v.
Eldon M. YANCEY et al.
Alvin J. BOUDREAUX et ux.
v.
Eldon M. YANCEY et al.
Nos. 10393, 10394.
Court of Appeal of Louisiana, First Circuit.
September 18, 1975.
Sidney G. Roos, New Orleans, for appellants.
Iddo Pittman, Jr., Hammond, for defendants Yancey and State Farm.
France W. Watts, III, Franklinton, for defendants Travelers Ins. Co. and Shell Oil Co.
Donald H. Lee, Bogalusa, for Eldon M. Yancey.
Before LANDRY, BLANCHE and BAILES, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Velma Brunner Boudreaux, appeals an award of the Twenty-second Judicial District Court which ordered the defendants-appellees, State Farm Mutual Automobile Insurance Company and Eldon M. Yancey, in solido, to pay her $7,000 plus legal interest thereon at the rate of 5 percent from date of judicial demand until paid, for the death of her fifteen year old daughter, Deborah D. Boudreaux. *807 Plaintiff-appellant, Alvin J. Boudreaux, also appeals that court's award which ordered those same defendants-appellees to pay him $7,000 general damages plus $3,737.85 special damages, together with legal interest thereon at the rate of 5 percent from date of judicial demand until paid for the death of his daughter Deborah.
The award specifically limited State Farm's liability to its policy limits, $5,000, together with legal interest at the rate of 5 percent from date of judicial demand until paid.
The judgment complained of dismissed the plaintiffs' suits against defendant Yancey's employer, Shell Oil Company, and its insurer, The Travelers Insurance Company. The defendants, Yancey and State Farm, were cast with all costs. We affirm.
On Thursday, June 13, 1968, at approximately 3:00 P.M., Deborah Boudreaux, while driving a Volkswagen station wagon, was severely injured when the automobile which Yancey was driving struck her from the rear. Deborah died two days later.
Plaintiffs instituted trial court Suit No. 30,356 (Appeal No. 10,393) but that suit was dismissed without prejudice for failure of plaintiffs' counsel to attend a pre-trial conference. As a result of that dismissal, the plaintiffs filed Suit No. 32,470 (Appeal No. 10,394). Thereafter, this Court at 256 So.2d 340 reversed the dismissal of the original suit and remanded the case to the district court for a trial on the merits. The cases were then consolidated for trial. Yancey was found to be negligent, which finding is not contested on appeal.
The plaintiffs present a single issue on appeal, that is, whether or not Yancey's employer, Shell, is liable to the plaintiffs under the doctrine of respondeat superior.
At the time of the accident Yancey lived in Bogalusa, Louisiana, and worked for Shell, out of Venice, Louisiana, more particularly at Main Pass, Block 69 oil field. Venice is roughly 150 miles from Bogalusa, and Block 69 is an additional 30 miles by water south of Venice.
Yancey's work schedule was seven days on and seven days off. Routinely, he would drive from Bogalusa to Venice in his automobile where he would catch a crew boat and travel for approximately one hour and fifteen minutes until Block 69 was reached. He would then work from 6:00 A.M. to 6:00 P.M. for six consecutive days. On the seventh day he worked from 6:00 A.M. to 12:00 noon, and at noon he would again board the crew boat, travel the return one hour and fifteen minutes to Venice where he would proceed via his automobile back to Bogalusa.
The record establishes that Yancey was paid approximately $3.00 per hour for oil field work and $1.60 per hour during the crew boat travel time. It is undisputed that his pay stopped the moment he disembarked the crew boat upon its return to Venice after his seven-day work week. Yancey emphatically stated that when he was off duty he performed no function or work whatsoever for Shell.
On the day of the accident Yancey had completed his routine seven-day work schedule and returned to Venice by crew boat as usual. He reentered his automobile and began traveling home. Approximately halfway to Bogalusa where the Lake Pontchartrain Causeway reaches land in the vicinity of Covington, Louisiana, the defendant Yancey's automobile collided with the rear of the automobile driven by Deborah Boudreaux.
The plaintiffs contend that even though Yancey had disembarked from the crew boat and was already homeward bound at approximately 75 to 80 miles from his place of work, he was, nevertheless, within the scope of his employment with Shell and, therefore, Shell is vicariously liable.
*808 The general rule is that an employer is not liable for the negligent acts of his employee while the employee is on his way to or from his employment. Beard v. Seamon, 175 So.2d 671 (La.App. 1st Cir. 1965). The plaintiffs have not attempted to explain why the general rule should not apply in the instant case. Therefore, the general rule would deny the plaintiffs' recovery against Shell, as the record indicates Yancey was on his way home and not engaged in any activity concerning Shell.
We also find no special rule by which Shell can be held liable in the instant case. In the latest expression by the Louisiana Supreme Court concerning the employment relationship in vicarious liability situations, LeBrane v. Lewis, 292 So.2d 216 (La.Sp. Ct.1974), the Court acknowledged that an employer (master) is liable for a tort committed by his employee (servant) if, at the time, the servant is "in the exercise of the functions in which they are employed." LSA-C.C. Art. 2320. The Court then set forth some special guidelines to be used in determining which functions of the employee could be considered reasonably incidental to the performance of the employee's duties and, therefore, require the employer to respond vicariously for the employee's negligence.
Faced with the situation where a supervisory employee knifed and seriously injured another employee whom he had just fired, the Court first considered whether or not the fight which led to the knifing was reasonably incidental to the performance of the duties of the supervisory employee and then they noted that the entire incident occurred on the employment premises.
Continuing, the Court stated:
"In short, the tortious conduct of the supervisor was so closely connected in time, place, and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests. It can thus be regarded as within the scope of the supervisor's employment, so that his employer is liable in tort to third persons injured thereby." (LeBrane v. Lewis, 292 So.2d at 218)
We find none of the special features of LeBrane present in the instant case and, therefore, the general rule that an employer is not liable for the negligence of its employees while returning home from work precludes recovery by the plaintiffs under the instant facts.
The authorities cited by the plaintiffs in support of their specifications of error all deal with re-entry into the scope of employment by the employee. The facts of this case do not present a re-entry problem.
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed, at appellants' costs.
Affirmed.