Mrs. Jane WINTERS, widow of Edwin J. Terrebonne, Jr., Individually and as natural tutrix of the minors Edwin J. Terrebonne and Melissa J. Terrebonne, Plaintiffs-Appellants,

v.

HIGHLANDS INSURANCE COMPANY et al., Defendants-Appellees.

No. 76–2368.

United States Court of Appeals, Fifth Circuit.

March 9, 1978.

Donna D. Fraiche, John R. Martzell, I. Jay Krieger, New Orleans, La., for plaintiffs-appellants.

John J. Cooper, New Orleans, La., for Brown & Root, et al.

Before COLEMAN and FAY, Circuit Judges, and KING,* District Judge.

COLEMAN, Circuit Judge.

This appeal is from a summary judgment for the defendants in a wrongful death action. The diversity suit was brought by the widow, Jane Terrebonne, individually and on behalf of her two minor children, alleging the wrongful death of her husband. Mr. Terrebonne was killed on December 2, 1974, when his car collided headon with one driven by Clarence King. Named defendants were King and his automobile insurer; Brown & Root, Inc., as King's employer; and Highlands Insurance Company, the employer's general insurer.

The District Court granted summary judgment for Brown & Root and its insurer, declaring that there was no genuine issue of material fact and that as a matter of law King was not within the course and scope of his employment at the time of the fatal collision.

While the basic facts are not in dispute, the inferences which a reasonably minded jury could draw from those facts preclude, in our opinion, summary judgment for the defendants. We accordingly reverse and remand for a jury trial.

Clarence King was first employed by Brown & Root, Inc. in 1968. In 1974 he was employed by the company's power division in Woodbridge, Virginia. In November of that year King terminated his employment with the power division, but went to Houston to seek employment with the marine operators division of Brown & Root, where he had previously worked. Although without a commitment from the company, King expected to be employed by the marine operators division.

After King arrived in Houston, he got in touch with the Houston office and was offered a job beginning December 2, 1974 as timekeeper on the company work barge H. A. LINDSEY, out of Morgan City, Louisiana. He was instructed to catch the company crew bus, leaving Houston for Morgan City at 7:00 a. m., December 2. This bus transported the employees to a company crew boat in Morgan City, which would take the employees out to the work barge. King, however, overslept on the morning of the second and missed the crew bus. He notified the company by telephone that he had missed the bus and would drive his personal car to Morgan City. The company did allow employees to drive their own cars from Houston to Morgan City. Defendant finally left Houston about one o'clock, after first going to the company office to complete employment forms and thereafter conducting some personal business.

King believed from past experience with the company that the crew boat was scheduled to depart Morgan City about 1:30 o'clock. Since the drive from Houston to Morgan City normally required about six hours King expected to miss the 1:30 boat; however, he intended to catch the next available boat. Unknown to King, bad weather had delayed the boat's departure until 10:45 p. m. From about 6:30 to 7:30 King stopped in Lafayette, where he had a sandwich and three beers.

After arriving in Morgan City, King mistakenly drove several miles past the Brown & Root yard. Realizing his mistake he turned around and headed back toward the yard. Before he reached the yard, driving in the wrong traffic lane, at about 9:00 p. m., King collided headon with the car driven by Terrebonne, killing him.

* District Judge of the Southern District of Florida, sitting by designation.

Brown & Root paid its employees a travel allowance from Houston to Morgan City. This allowance was not computed on the basis of mileage, actual travel expenses, or actual travel time, but was based on a fixed period of time, six hours, at the employee's base hourly rate. The travel allowance was paid whether the employee rode the bus or drove his own car. Because his trip to the crew boat ended prematurely in the accident which killed the plaintiff's husband King was never paid the travel allowance. In fact, King did not earn any pay from the marine operators division of Brown & Root until after he recovered from his own injuries and began work in January, 1975.

Appellants argue that summary judgment was inappropriate because on the evidence a jury could have found that King was within the scope of his employment at the time of the accident. They point particularly to the travel allowance the company ordinarily paid its employees for the trip from Houston to Morgan City. To the contrary, appellees argue that since the travel allowance was not based on mileage and King was never actually paid any travel allowance he could not have been within the scope of his employment at the time of the accident; therefore, appellees were entitled to a summary judgment.

■ In Louisiana, the general rule is that an employee is not within the scope of his employment if he is going to or from his place of employment, *Boudreaux v. Yancey*, 319 So.2d 806 (La.App., 1975). Appellants argue that an exception to this general rule was enunciated in *O'Brien v. Traders and General Insurance Company*, 136 So.2d 852 (La.App., 1961):

"[W]here, as a fact, the evidence reveals that the employee is being compensated by his employer for the mileage and at the time of the occurrence of the accident the employee is on a mission contemplated by his employer and employee for which he is to be compensated, it appears

to us that these circumstances make logical the holding that at such time the employee is within the scope of his employment. What better evidence is there that the employee is on a mission for his employer or is within the scope of his employment than the fact that the employer is compensating him for his services at that time?"
*Ibid*, at 864.

■ A summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, Fed.R. Civ.P. 56(c). "A summary judgment may be improper even though the basic facts are undisputed if the parties disagree regarding the material factual inferences that properly may be drawn from these facts", *Lighting Fixture and Electric Supply Company v. Continental Insurance Company*, 5 Cir., 1969, 420 F.2d 1211, 1213. See, also, *Keating v. Jones Development of Missouri, Inc.*, 5 Cir., 1968, 398 F.2d 1011.

■ The jury might reasonably believe, since King was on compensated time, heading to the place where he would begin the functions assigned, the employee's trip was a "mission contemplated" by the employer within the *O'Brien* exception,[1] an inference which would support a finding that at the time of the collision King was within the scope of his employment and about his employer's business.

Certainly, the evidence that King failed to follow the company's instruction to ride the crew bus to Morgan City, that he was never actually paid any travel allowance, and that he didn't begin work for the Houston division until January, 1975, could allow a jury reasonably to infer that King's trip to Morgan City was merely the type of travel held in *Boudreaux v. Yancey, supra*, to be beyond the scope of employment.

We think the issue was one of fact, for a jury to decide—not one of law which the Court should have decided.

---

1. We find no significant difference between the mileage travel allowance paid in *O'Brien v. Traders & General Insurance Company*, 136 So.2d 852 (La.App., 1961) and the fixed time travel allowance paid by Brown & Root, Inc. The critical consideration in this exception is that payment in some form is made to the employee to compensate him for his travel.

We reverse and remand for a jury trial.
REVERSED and REMANDED.