WATKINS, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit without prejudice for failure of plaintiff’s counsel to attend a pre-trial conference. The action was brought by the Tutrix of a minor who was allegedly injured in an automobile accident. The pretrial conference was set for October 22,1979, at 10:30 a. m., after a prior continuance. Plaintiff was represented by two counsel, Lester J. Waldmann, Gretna, and Gordon Hackman, Boutte. Neither one was present at the pre-trial conference. Wald-mann’s excuse, in his brief, basically is that Waldmann’s secretary telephoned the Judge’s secretary and told her that Wald-mann would not be able to attend the pretrial conference because he had a commitment to appear in Federal Court that day, and that the Judge’s secretary agreed that this was all right and insisted that no pleading was necessary. (This version seems to be entirely inconsistent with the facts that were recited in the Motion for New Trial filed after the suit was dismissed as non-suit for failure of plaintiff’s attorneys to appear at the pre-trial conference.) However, although plaintiff’s counsel’s conduct was clearly discourteous to the Court, plaintiff’s counsel’s position is sound that a suit cannot be dismissed for failure to appear at a pre-trial conference. It was held in Boudreaux v. Yancey, 256 So.2d 340 (La.App. 1st Cir. 1971), that a suit could not be dismissed as a non-suit for failure to attend a pre-trial conference.[1] The court based its decision upon art. 1672 of the Code of Civil Procedure, which provides that a suit may be dismissed if plaintiff fails to appear at trial, which the court found constituted the only instance in which dismissal was permitted for failure of counsel to appear. That article has not been amended since the decision in Boudreaux v. Yancey, and that decision has not been overruled. The dismissal of plaintiff’s suit without prejudice was, therefore, improper.
The judgment of the trial court is reversed, at appellee’s cost, and the case remanded for further proceedings.
REVERSED AND REMANDED.

. At 319 So.2d 806 (1975), we see that after trial on the merits, judgment was rendered for plaintiff. Plaintiff appealed as to quantum, and as to the parties against whom judgment should be rendered. Judgment was affirmed.