GRISBAUM, Judge.
Plaintiff/appellee, Kathleen Austen, filed suit against Wallace Sherwood and Cavalier Insurance Company, Sherwood’s automobile liability insurer, seeking to recover for injuries and damages sustained in an automobile accident. She later joined as defendants Mississippi Press Register, Inc., Sherwood’s employer, and its insurer, Liberty Mutual Insurance Company, who appeal the judgment of the trial court which found Sherwood was in the course and scope of his employment at the time of the accident. We reverse.
Sherwood was employed as an advertising accounts executive by Mississippi Press Register which publishes a newspaper in Pascagoula, Mississippi. He also held a position as “arts editor” for which he wrote a column about various events in the world of art, theater, and general entertainment. As arts editor, Sherwood was invited to attend the Louis Armstrong concert which was a part of the annual New Orleans Jazz and Heritage Festival. He attended the concert and left with a friend who offered him a place to spend the night in the New Orleans area. He planned to make the trip back to Pascagoula early in the morning in a fresh condition. Sherwood was driving to his friend’s house on the Westbank Expressway in Jefferson Parish. He testified his attention was distracted from the road by his friend who was attempting to give him directions. He rear ended the appellee who had stopped for a traffic light.
The collision occurred on April 11, 1978 and plaintiff filed suit on September 27, 1978. The trial was held on February 23, 1981 and judgment was rendered on August 18, 1981 in favor of appellee and against defendants in the amount of $116,059.30. This judgment was subsequently amended to cast Sherwood and Cavalier Insurance Company for $10,000, the limits of Cavalier’s policy, and to cast Mississippi Press and Liberty Mutual for the balance of $106,-059.30. Neither Sherwood nor Cavalier Insurance Company appealed the judgment. Mississippi Press and Liberty Mutual appealed and plaintiff answered their appeal seeking $50,000 increase in her award.
The issue on appeal is whether Sherwood was acting within the course and scope of his employment with Mississippi Press Register at the time of the collision. The trial judge, in his reasons for judgment, was satisfied by the testimony at trial and by the depositions introduced into evidence that the defendant, Wallace Sherwood, was acting within the course and scope of his employment. The trial judge stated that although Mr. Sherwood did attend the concert partly for personal reasons, that fact did not mean his attendance was not in the course and scope of his employment.
However, although Mr. Sherwood may have attended the concert within the scope of his employment, the accident occurred on his way to a friend’s house to sleep for the night. The negligent acts of an employee on his way to or from work are not generally imputable to an employer under La.C.C. art. 2320. Boudreaux v. Yancey, 319 So.2d 806 (La.App. 1st Cir.1975). *820 The inquiry is whether the employee’s tor-tious conduct was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. Daniels v. Conn, 382 So.2d 945 (La.1980). In the instant case Sherwood was clearly on his own time which in no way benefited his employer nor was related to the service of his employer. Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979). The accident did not occur within the course and scope of Sherwood’s employment. Therefore, the judgment in favor of appellee Austen and against the Mississippi Press Register, Inc. and Liberty Mutual Insurance Company must be reversed.
The amended judgment limited the liability of the remaining defendants, Sherwood and Cavalier Insurance Company, to $10,000. The trial court granted the amended judgment on motion of defendants who stated Cavalier should not have been cast in solido with the other defendants as its liability was limited to the terms of its policy with Sherwood. However, the trial court went further and also limited Sherwood’s liability. La.C.C.P. art. 1951 does not permit a trial court to alter the substance of a final judgment. The limit of the tort-feasor’s liability from $116,059.30 to $10,000 is a substantive change. Therefore, the amended judgment is annulled.
For the reasons assigned, we find Sherwood liable for $116,059.30 and Cavalier Insurance Company is liable for $10,000 of that amount.
REVERSED.