527 So.2d 595 (1988)
Larry LANDRY, et al., Plaintiffs-Appellants,
v.
Ray LeMAIRE, et al., Defendants-Appellees.
No. 87-593.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Thomas Vallot, Jr., Abbeville, in pro. per.
Larry Landry, Abbeville, in pro. per.
J. Isaac Funderburk, Abbeville, Drew R. Ballina, New Orleans, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
Plaintiffs-appellants, six (6) former employees of the Vermilion Parish Sheriff's Department have appealed from a judgment dismissing their case with prejudice against the defendants-appellees, Ray LeMaire, the Sheriff of Vermilion Parish, and his insurer, Southern American Insurance Company, due to the plaintiffs' failure to answer interrogatories and produce documents pursuant to a court order.

FACTS
On February 14, 1986, seven (7) former employees of the Vermilion Parish Sheriff's Department filed suit against Ray LeMaire, the Sheriff of Vermilion Parish, and his insurer, Southern American Insurance Company, alleging breach of an oral employment contract. On appeal, the plaintiffs include Larry Landry, Grady Woods, Stanford Smith, Thomas Vallot, Alvin Koch, and Sedwick Thomas. Only six (6) *596 plaintiffs are present on appeal, as former plaintiff Connie LeMaire has voluntarily dismissed her claim.
The record contains only the pleadings; no reasons for judgment are provided by the Trial Judge. Both the defendants' brief and the plaintiffs' pro-se brief allege additional facts of the case's procedural history which are not contained in the record. As the defendants' brief states that the Trial Judge considered the additional facts in dismissing the plaintiffs' case, for purposes of clarity and completeness, all facts alleged by both sides shall be discussed, and those that are supported by the record shall be noted. However, the only aspect of this suit's procedural history relevant to the issue of the correctness of the dismissal is that which relates to the plaintiffs' failure to answer the interrogatories and produce the requested documents. Hence, only the procedural history on this subject shall be discussed.
On December 8, 1986, defense counsel filed seven (7) sets of identical interrogatories and requests for production of documents; one addressed to each plaintiff. The documents were served through their attorney of record, Mr. Steven Spring. The interrogatores consisted of eighteen (18) separate questions and the request for production of documents asked for nine (9) documents. The plaintiffs had fifteen (15) days in which to answer and produce the requested information.
Both the plaintiffs' and defendants' briefs state that on December 15, 1986, Mr. Spring attempted to file a motion for an extension of time to answer the interrogatories. Allegedly, the extension was needed because the interrogatories had just been forwarded to the individual plaintiffs and Mr. Spring's office would be closed from December 24, 1986, until January 2, 1987. The defendants' brief notes that Sheriff LeMaire's counsel received a copy of this motion postmarked "December 29, 1986"; ostensibly when Mr. Spring's office was closed. This motion for an extension of time is not in the record. The plaintiffs' pro se brief states that the Clerk of Court did not accept and file the motion because the plaintiffs failed to pay $5.50 of the filing fee. The plaintiffs allege that they did not learn of this deficiency until July, 1987.
Despite the plaintiffs' failure to have the motion filed or signed by the Trial Judge, defense counsels assert in their brief that they allowed the plaintiffs an additional fifteen (15) days in which to respond. The plaintiffs still did not produce the requested information. On January 14, 1987, the defendants filed a motion to compel discovery. On January 16, 1987, the plaintiffs' attorney was mailed a copy of the motion and signed order stating that a contradictory hearing date for the motion to compel was set for February 9, 1987.
Defense counsels assert in their brief that on Friday, February 6, 1987, at 4:20 p.m., an associate in Mr. Spring's office, Mr. Richard Hoover, called counsel for Sheriff LeMaire and was asked to have his call returned as he was unable to speak to an attorney. Defense counsel returned Mr. Hoover's call on Monday, February 9, 1987, at 8:45 a.m. and was notified by Mr. Hoover that Mr. Spring was in Los Angeles and that neither Mr. Spring nor he would be attending the contradictory hearing nor would any request for a continuance be made.
The hearing on the motion to compel proceeded as scheduled. A judgment was rendered ordering the six (6) remaining plaintiffs to comply with the motion to compel within fifteen (15) days. The judgment further stated that the failure to comply with the order would result in a dismissal of the suit, with prejudice, at the plaintiffs' cost. Additionally, the plaintiffs were ordered to pay court costs and attorney's fees of $300.00 as defense counsels' costs for bringing the motion. Defense counsel assert in their brief that each plaintiff was individually served with a certified copy of the judgment on the motion to compel.
The defendants' brief asserts that at 4:30 p.m. on February 24, 1987, (on the fifteenth (15th) day after the judgment was signed), counsel for Sheriff LeMaire received a hand delivered letter from Mr. Spring requesting an informal delay of three days as *597 he was "without a secretary". The letter also informed defense counsel that the court costs and attorney's fees of $300.00 had been paid. After consulting with counsel for Southern American Insurance Company, defense counsel for Sheriff LeMaire called Mr. Spring at 4:45 p.m. but Mr. Spring was out of his office. Allegedly, defense counsel left a message, later confirmed by letter, that no informal extension would be granted. On this same day, defense counsel drafted a motion and order of dismissal. Attached thereto was the affidavit of Sandra Comeaux, Deputy Clerk for the Vermilion Parish Clerk of Court's Office. This affidavit stated that, as of 4:30 p.m. on February 24, 1987, the interrogatories and requested documents had not been answered or produced. The affidavit also stated that each plaintiff had been individually served with a certified copy of the judgment on the motion to compel. This affidavit is in the record. Defense counsel asserts in their brief that the recent events were relayed to the District Judge who proceeded to sign the order on February 24, 1987, dismissing the plaintiffs' suit with prejudice. The plaintiffs were also assessed court costs.
The plaintiffs' counsel filed an application for a new trial on March 2, 1987, asserting that on February 24, 1987, the plaintiffs had paid the attorney's fees of $300.00 and court costs required by the judgment on the motion to compel. Plaintiffs' counsel also asserted that because he had been without a secretary, he had informally requested that opposing counsel grant a three-day extension in order to allow him to further comply with the court order. A contradictory hearing on the motion was set for March 16, 1987. The defendants' brief asserts that Mr. Spring was unable to attend the March 16, 1987, hearing due to illness and the matter was rescheduled for hearing on April 7, 1987. However, on March 23, 1987, the plaintiffs filed a notice of appeal, asking this Court to review the correctness of the February 24, 1987, judgment of dismissal with prejudice. On May 11, 1987, Mr. Spring withdrew as counsel of record for the plaintiffs and on appeal, the plaintiffs are presently unrepresented by counsel.

JUDGMENT OF DISMISSAL
The plaintiffs have appealed the dismissal with prejudice of their suit and argue in proper person that this sanction for failing to respond to the discovery order was unduly severe under the facts.
It is well established that a trial judge has much discretion in imposing sanctions for failure to comply with a discovery order and his choice of sanctions will not be reversed absent a clear showing that he abused his discretion. Henson v. Copeland, 451 So.2d 41 (La.App. 2nd Cir.1984); Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985). La.C. C.P. art. 1471 provides the possible sanctions a court may impose for a party's failure to comply with an order compelling discovery as follows:
If a party or an officer, director, or managing agent of a party or a person designated under articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order *598 treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).
Clearly, the Trial Judge was acting within the authority prescribed within article 1471 when he dismissed the plaintiffs' suit for their failure to answer the interrogatories or produce the documents.
In Allen v. Smith, 390 So.2d 1300 (La. 1980), our Supreme Court reversed the ruling of the Trial Court which dismissed the plaintiffs' suit for failing to comply with discovery orders. In its ruling, the Court stated:
Consequently, it is not clear to what extent, if any, the plaintiff, rather than the attorney advising him, was at fault in failing to make discovery. Under these circumstances, we conclude that the trial judge exceeded his discretion by imposing the ultimate sanction of dismissal with prejudice; the record does not support a finding that the failure was due to the plaintiff's wilfulness, bad faith, or fault.
In the case sub judice, while the plaintiffs' attorney was certainly at fault in allowing the plaintiffs' case to be dismissed, the record shows that the plaintiffs were given personal notice of the tenuous standing of their lawsuit when each received a copy of the judgment on the motion to compel. The judgment clearly states that the plaintiffs (each named individually) had fifteen (15) days to comply with the motion to compel, with a failure to comply resulting in a dismissal with prejudice of their claim and an assessment of court costs. Hence, unlike in Allen, supra, the record indicates that the failure to respond was also attributable to the inaction (or fault) of the plaintiffs themselves and not solely to the fault of the plaintiffs' attorney. Therefore, the rationale of Allen supports an affirmation of the Trial Judge's ruling.
When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. Allen, supra. In their pro-se brief, the plaintiffs have not provided any reasons that would justify their failure to timely respond to the discovery order. A review of the record shows that the Trial Court followed all procedural safeguards prescribed by law as plaintiffs' counsel was afforded several opportunities for hearing. Hence, as there appears to have been no justification for failing to answer and as all procedural safeguards were followed, we can find no abuse of discretion in the Trial Judge's ruling dismissing the plaintiffs' claim with prejudice.
For the foregoing reasons, we affirm the ruling of the District Court. Costs on appeal are assessed to the plaintiffs.
AFFIRMED.