558 So.2d 810 (1990)
John P. ALLWEIN, Jr.
v.
Dr. Raymond HORN, National Medical Enterprises, Inc. d/b/a Meadowcrest Hospital, and St. Paul's Insurance Company.
No. 89-CA-666.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
*811 Robert J. Caluda, New Orleans, for plaintiff-appellant.
C. William Bradley, Jr., New Orleans, for defendant-appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GRISBAUM, Judge.
INTRODUCTION
This appeal relates to a judgment dismissing with prejudice a medical malpractice claim for failure to comply with the trial court's pre-trial order. We affirm.
ISSUE
The sole issue presented is whether the trial court abused its discretion by dismissing the plaintiffs' suit with prejudice.
FACTS
Suit was filed on December 11, 1986 by Mr. and Mrs. John P. Allwein, against Dr. Raymond E. Horn, Jr. and Meadowcrest Hospital. On January 14, 1987, the defendants propounded six discovery interrogatories to the plaintiffs, including a request for a list of witnesses which the plaintiffs intended to call at trial. After the plaintiffs failed to respond for more than one year, on May 20, 1988, the defendants filed a motion to compel. On June 28, 1988, the plaintiffs answered the interrogatories. Thereafter, the matter was set for trial (by jury) during the week of February 20, 1989. On February 21, 1989, the plaintiff filed a motion to enroll another attorney as their co-counsel of record and a motion to continue the trial; both motions were granted. The parties agreed to a new trial date of December 4, 1989.
On February 23, 1989, the defendants filed a motion for a pre-trial conference. *812 Accordingly, the Court issued a pre-trial order dated February 28, 1989, scheduling a conference for April 4, 1989. That order commanded counsel to prepare a pre-trial order to be delivered to the court and to all other counsel by such time as to allow one full work day prior to the conference. It also called for a concise summary of the facts or contentions made by all parties; the contested issues of fact and law; a list of witnesses and the nature of their testimony; a list of possible witnesses, including rebuttal witnesses; a list of documentary evidence and exhibits; a list of undisputed facts and exhibits; a brief summary of medical reports; a list of citations and authorities relating to the case; and a list of suggested jury instructions. The record reflects that the plaintiffs failed to file a pre-trial order.
Following the pre-trial conference, the District Court, on April 11, 1989, ordered the plaintiffs to "serve upon defendant, Dr. Horn, and file with the court on or before May 4, 1989[,] the names and addresses of any and all fact and expert witnesses which the plaintiff intends to call as witnesses at trial as well as the field of specialization of all expert witnesses". In response to the plaintiffs' failure to file and serve a witness list on or before May 4, 1989, the defendants filed an alternative motion to preclude the plaintiffs from calling any new witnesses not previously identified in answers to the defendants' interrogatories or to compel the plaintiffs to file a witness list in compliance with the court's April 11, 1989 order. The plaintiffs responded with a "Memorandum in Opposition to Alternate [sic] Motion" stating that counsel for plaintiffs had "not identified or procured an expert orthopedic physician or other surgeon to testify in this case regarding the appropriate standard of care involved in the questions of medical causation" and that "[p]laintiff is still in the process of consulting with physicians toward that end." However, the plaintiffs offered no explanation for their failure to file a list of any other witnesses which they had procured and intended to have testify at trial.
On July 7, 1989, with counsel for both the plaintiffs and defendants present, the District Court heard the defendants' alternative motion and rendered judgment on July 13, 1989, ordering "... that the plaintiffs comply with this Court's order of April 11, 1989, and file and serve upon counsel for defendants their witness list on or before July 17, 1989, in default thereof plaintiffs' lawsuit shall be dismissed, with prejudice, at the plaintiffs' cost on ex parte motion."
Following the plaintiffs' failure to comply with the court's July 13, 1989 order, the defendants filed a motion to dismiss plaintiffs' action with prejudice. On July 19, 1989, the trial court ordered that the plaintiffs' action be dismissed with prejudice at the plaintiffs' cost.
ANALYSIS
Article 1551 of our Louisiana Code of Civil Procedure provides:
In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.
While this statutory provision outlines pre-trial procedure and empowers the *813 District Court with discretion to order a pre-trial conference and to issue orders concerned therewith, it fails to set forth any guidelines which would aid in the establishment of penalties for non-compliance. However, we recognize that, as with any order, a trial court is endowed with the inherent power to enforce its lawful pre-trial orders and to attach sanctions for non-compliance. Yeutter v. Lewis, 334 So.2d 728, 730 (La.App. 3d Cir.1976); Martin v. Garon, 172 So.2d 751, 752 (La.App. 4th Cir.1965); Bogan v. Byrom, 151 So.2d 718, 721 (La.App. 3d Cir.1963).
Although our jurisprudence is scant in discussing the appropriateness of dismissal as a sanction for failure to comply with orders given pursuant to article 1551, we do find guidance in jurisprudence pertaining to sanctions imposed for non-compliance with discovery orders. See Landry v. LeMaire, 527 So.2d 595 (La.App. 3d Cir.1988); Smith v. Allied Chemical Corp., 517 So.2d 250 (La.App. 1st Cir.1987), writ denied, 518 So.2d 510 (La.1988); Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985). As with discovery sanctions, we find that the trial court is vested with much discretion in selecting the appropriate sanctions and its choice will not be reversed absent a clear showing that it abused that discretion. We are likewise cognizant that dismissal with prejudice is a severe penalty; thus it should be imposed only in extreme circumstances where the plaintiff is clearly aware that his non-compliance will result in dismissal of his action. However, where a party fails to follow a court's pre-trial order, the burden is on that party to show why he failed to so comply.
Here, the plaintiffs offer no explanation or justification for their direct disobedience of three court orders, spanning five months, to file the requested information in a case already delayed on their behalf. Furthermore, the plaintiffs make no claim they were not notified or were unaware of the proceedings through the fault of their attorney. The plaintiffs have showed us no reason to warrant their obstinate refusal to comply with the orders of the trial court. We therefore assume that the plaintiffs as well as their attorneys were aware of the proceedings and chose to ignore the court. Moreover, the plaintiffs were allowed ample time and opportunity to comply and the trial court clearly stated that failure to do so would result in dismissal of the suit with prejudice, on ex parte motion. Furthermore, the record does not disclose any reason for the plaintiffs' failure to follow the court's order within the allotted time.
Under these circumstances, we find no abuse of the trial court's discretion in dismissing this suit with prejudice.[1] To allow any other result would impede the successful administration of justice and furnish an example to future litigants who would choose not to obey a court order and then seek to avoid dismissal.
CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] This Court is aware of cases where a contrary result was reached for failure to comply with a La.C.C.P. art. 1551 order. See Dural v. City of Morgan City, 407 So.2d 757 (La.App. 1st Cir. 1981); Boudreaux v. Yancey, 256 So.2d 340 (La. App. 1st Cir.1971). However, this Court declines to follow that reasoning.