LINDSAY, Judge.
The plaintiff, Charles L. Raburn, appeals from a trial court judgment in favor of the *625 defendants, Burnice Parker, and her insurer, Allstate Insurance Company, dismissing plaintiffs suit, with prejudice, because his attorney failed to participate in a pre-trial conference. For the following reasons, we reverse and remand this case to the trial court for a trial on the merits.
FACTS
On May 12, 1989, the plaintiff filed suit for damages against the defendant, Burn-ice Parker, for personal injuries he allegedly sustained in an automobile accident occurring on May 14, 1988 in Arcadia, Louisiana. The defendant and her insurer, Allstate Insurance Company, filed an answer and motions for discovery. The plaintiff answered the original interrogatories filed by the defendants.
Thereafter, the defendants filed a motion to produce medical records and a rule for the plaintiff to submit to a physical examination. The minutes of the trial court reveal that these discovery motions were satisfied. On October 6, 1989, the defendants filed a pleading styled “trial certificate”, in which the defendants stated that “all discovery has been completed by all parties, and that no other discovery is contemplated.” The defendants also stated that the case was in a posture for trial, but that a pre-trial conference would be helpful.
On November 21, 1989, the trial court filed a “pre-trial conference order”. This order set a pre-trial conference for the afternoon of December 7, 1989. The pre-trial conference was to be conducted by telephone. The order further stated that trial of the case was set for January 18, 1990 and directed the parties to complete and file a pre-trial order two working days pri- or to the date of .the pre-trial conference. The order provided that failure of the parties to cooperate in the preparation of the pre-trial order or to participate in the pretrial conference would subject the parties to penalties and sanctions as set forth in the rules of the Second Judicial District Court for the Parish of Bienville. Rule 22, Section 9 of those rules provides:
In ease of failure of any party or counsel for any party to comply with the pre-trial procedure described herein, the judges of the Second Judicial District shall impose uniform penalties as follows:
In the case of a plaintiff, dismissal of his suit, and in the case of a defendant, prohibition against presenting any evidence in chief other than his own testimony. [Emphasis in original]
In pleadings filed in the record, the defendants alleged that counsel for the plaintiff failed to participate in the pre-trial conference. The court rescheduled the conference for January 4, 1990, but plaintiffs counsel again failed to participate. The defendants filed a motion to dismiss the plaintiff’s case for noncompliance with the pre-trial order, as specified in local court Rule 22 Section 9.[1]
On January 10, 1990, the trial court signed an order dismissing the plaintiffs claim against the defendants, with prejudice, and ordered the plaintiff to pay all costs.
On February 23, 1990, new counsel of record enrolled in the case on behalf of the plaintiff. Plaintiffs new counsel then filed a devolutive appeal from the trial court order dismissing the suit. The plaintiff argues that the trial court erred in dismissing his suit where the Louisiana jurisprudence provides that dismissal for failure to appear at a pre-trial conference is not an appropriate sanction. The plaintiff also argues that the local court rule is unconstitutional and that the trial court erred in dismissing his case pursuant to an ex parte motion.
*626 DISMISSAL FOR FAILURE TO PARTICIPATE IN PRE-TRIAL CONFERENCE
The plaintiff first argues that the trial court erred in dismissing his suit due to his original counsel’s failure to participate in the court ordered pre-trial conference. The plaintiff argues that the trial court’s ruling was contrary to Louisiana jurisprudence holding that a suit may not be dismissed simply for failure of counsel to appear at or comply with pre-trial procedures. This argument has merit and requires reversal of the trial court judgment.[2]
The same issue was considered in Boudreaux v. Yancey, 256 So.2d 340 (La.App. 1st Cir.1971). In Boudreaux, the plaintiffs’ wrongful death action was dismissed without prejudice due to the failure of the plaintiffs’ attorney to appear for a pre-trial conference, as required by the local court rules of the Twenty-Second Judicial District Court. The local court rules provided for dismissal as a sanction for failure to appear for the pre-trial conference.
In Boudreaux, supra, the plaintiffs appealed from the dismissal and the appellate court reversed. The appellate court noted that LSA-C.C.P. Art. 1672 provides for involuntary dismissal of an action upon the application of another party when the plaintiff fails to appear on the day set for trial on the merits.[3] The court also noted that under LSA-C.C.P. Art. 193, courts are empowered to adopt rules for the conduct of judicial business which are not contrary to rules provided by law.[4] Also, LSA-C.C.P. Art. 1551 outlines pre-trial procedures.[5]
Construing these articles together, the Boudreaux court reached this conclusion:
We are forced to conclude that the penalty of dismissal of the plaintiffs’ suit for failure to appear at a pretrial conference is not sanctioned by either C.C.P. Article 193 which permits the adoption of court rules or C.C.P. Article 1551 which statutorily outlines pretrial procedure. Neither of these articles sets forth any guidelines which would aid in the establishment of penalties to attach for failure to comply with pretrial procedure, including failure to appear at the conference itself. Rayborn v. Rayborn, [246 So.2d 400 (La.App. 1st Cir.1971), writ denied 247 So.2d 868 (La.1971) ] and the authorities therein cited, together with C.C.P. Arts. 193 and 1551, lead us to the inevitable conclusion that rules of court must be subordinate to and certainly cannot go beyond statutory or a principle of substantive law. See also 77 A.L.R.2d 412. *627 In conformity with this view is the following statement contained in 20 Am. Jur.2d, Courts 84.
“§ 84. Extent of power.
Rules of court are mostly concerned with the regulation of matters of procedure and practice. They are used to prescribe the time within which certain procedural acts must be done, or to prescribe certain procedural formalities. But the power of a court to prescribe rules of practice does not extend to the creation of a remedy in addition to that prescribed by the legislature.” (citations omitted)
In the case at bar the dismissal of plaintiffs’ suit does exceed the provisions of our Code of Civil Procedure, namely 1672, which is the only legislative expression that we are aware of which permits the dismissal of a cause of action for the failure of a party to appear and this is limited to the trial itself.
Boudreaux v. Yancey, supra, has been followed in subsequent cases. In Rappelet v. Vining, 388 So.2d 125 (La.App. 1st Cir. 1980) the court found, based on Boudreaux v. Yancey, supra, that an action could not be dismissed for counsel’s failure to appear at a pre-trial conference. In Dural v. City of Morgan City, 407 So.2d 757 (La.App. 5th Cir.1981) the court found that LSA-C.C.P. Art. 1551 and the other laws of this state do not authorize the dismissal of a suit as a penalty for failure of plaintiff’s counsel to appear at a duly ordered pre-trial conference. The court held that to order such a dismissal constitutes reversible error.
In Louisiana Hoop Company, Inc. v. Hood, 292 So.2d 808 (La.App. 1st Cir.1974), the Twenty-Third Judicial District Court had a rule that was similar to the local court rule considered in Boudreaux v. Yancey, supra. Both rules provided for dismissal of a case or the entry of a default judgment due to failure of counsel to appear at a pre-trial conference. In Louisiana Hoop, the defendant’s counsel failed to appear at a pre-trial conference and the court entered a default judgment against the defendants. The appellate court cited Boudreaux extensively and found that the trial court could not validly enter a default judgment against the defendants for failure of their counsel to appear at the pre-trial conference.[6]
We are not unmindful of the holding of Allwein v. Horn, 558 So.2d 810 (La.App. 5th Cir.1990), which failed to follow Bou-dreaux and its progeny. However, All-wein is distinguishable from the present case. In Allwein, the court dismissed a medical malpractice claim, with prejudice, due to counsel’s repeated failure to comply with a pre-trial order to serve a witness list on opposing counsel. The court considered the issue to be akin to failure to comply with discovery, rather than failure to comply with pre-trial procedure. The court reviewed cases dealing with failure to comply with discovery and found that dismissal was a proper sanction.[7] In the present case, the dismissal was based solely upon an alleged failure to participate in a pre-trial conference, rather than failure to comply with discovery motions.[8]
We find that Boudreaux and its progeny provide the proper guidance for deciding the narrow issue presented in this case. In the present case, it is clear that the sanction of dismissal, contained in .the local court rules, cannot be enforced. Under the circumstances presented by the record, we find reversible error in the dismissal of this case for failure of counsel to participate in the pre-trial conference.
*628 CONCLUSION
For the reasons outlined above, we reverse the trial court judgment dismissing the plaintiffs suit. We remand the case to the trial court for trial on the merits. Costs in this court are assessed to the defendants.
REVERSED AND REMANDED.

. The record does not show whether the plaintiffs attorney was notified of a pre-trial conference. Nor does the record show that the motion to dismiss was served on the plaintiff's counsel or that any type of hearing was held prior to dismissing the plaintiff's case. Further, the only indication in the record that plaintiffs counsel failed to participate in a pre-trial conference is the defendants’ statements in the motion to dismiss. It appears the trial court acted solely on the basis of this motion.

. Because we reverse based on this assignment of error, we do not reach the issue of the constitutionality of the local court rule. Nor do we consider the other arguments advanced by plaintiff's counsel as to whether the trial court acted properly in dismissing the case pursuant to an ex parte motion.

. LSA-C.C.P. Art. 1672 provides in pertinent part:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice. (Emphasis supplied)

. LSA-C.C.P. Art. 193 provides in pertinent part:
A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law....

. LSA-C.C.P. Art. 1551 provides:
In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

. This decision was also partially based on the fact that the defendants were not properly notified of trial. The appellate court found that notice of a pre-trial conference did not constitute notice of trial.

. See and compare Jimcoily v. State Through Department of Highways, 361 So.2d 982 (La. App. 4th Cir.1978), writ denied 363 So.2d 1384 (La. 1978) which upheld a trial court decision not to exclude evidence at trial for failure to comply with a pre-trial order to list witnesses and describe evidence, finding that exclusion would violate due process and that such a violation of due process was an impermissible sanction for noncompliance with pre-trial procedure.

.To the extent that this opinion may be considered inconsistent with Allwein v. Horn, supra, we decline to follow it.