I2TANNER, Judge Pro Tern.
In this worker’s compensation case, plaintiff, Lynda Efferson, claims she was injured on March 22,1990 while employed at Bargain Time, Inc. Plaintiff missed approximately one week of work following the accident and was treated by Dr. Edwin Walker who diagnosed carpal tunnel syndrome. Plaintiffs employment with Bargain Time, Inc., was subsequently terminated in May of 1990 for allegedly failing to report for work without explanation to her superiors.
Plaintiff filed a disputed claim form with the Office of Worker’s Compensation on June 20,1990. Thereafter a status conference was scheduled for January 11, 1991, which plaintiff failed to attend although she had allegedly been notified.[2] Defendant acknowledges that plaintiffs initial counsel, Vincent DeSal-vo, telephoned the Office of Worker’s Compensation on the day of the status conference, stating that he had withdrawn as plaintiffs counsel. On February 27, 1991, plaintiff forwarded a hand-written note to the Office of Worker’s Compensation stating that she did not wish her case dismissed and in which she requested that a pre-trial conference be scheduled. Again, defendant alleges that plaintiff was notified of the date set for the pre-trial conference, yet she failed to appear. Plaintiff contends that she engaged her current counsel, Craig Watson, prior to the pre-trial conference, and that Mr. Watson’s office telephoned the Office of Worker’s Compensation to have the pre-trial conference rescheduled. The affidavit of Mr. Watson’s secretary, Geraldine Simon, was filed into the record and states that she notified the Office of Worker’s Compensation that Mr. Watson would be representing plaintiff, and that she requested a re-scheduling of the pre-trial conference and was told it would be re-scheduled. However, on July 17, 1991, defendant’s motion to dismiss was signed by the hearing officer. Plaintiffs subsequent motions to set aside the dismissal and for new trial were denied. Ms. Efferson ^appeals the dismissal of her case and argues on appeal that the failure to appear at a pre-hearing conference does not constitute grounds for dismissal.
Although La.C.C.P. art. 1672 gives a court authority to dismiss an action for failure of a plaintiff to appear on the day set for trial, there is no similar provision applicable to pre-trial proceedings. The Office of Worker’s Compensation is authorized to adopt reasonable rules and regulations governing proceedings before it by La.R.S. 23:1310.1. In accordance with that statute, such rules appear in the Louisiana Administrative Code, Title 40, Part 1, Chapter 15, § 1501 et seq. Section 1517 of those rules provides, in pertinent part:
If either the claimant or the attorney for the respondent or insurance carrier fails to attend the prehearing conference, the hearing officer shall assess all costs and reasonable attorney’s fees (if applicable) against the respondent or insurance carrier; and if the claimant or the claimant’s attorney fails to appear, the hearing officer shall strike the claimant’s case from any docket upon which it is set until the claimant or the claimant’s attorney has attended such prehearing conference.
Dismissal of a claimant’s case is not authorized under this provision. Further, jurisprudence applicable to the district courts does not authorize dismissal of a plaintiffs case for failure to appear at a pre-trial conference. This court stated in Rappelet v. Vining, 388 So.2d 125, 126 (La.App. 1st Cir. 1980), that “a suit cannot be dismissed for failure to appear at a pre-trial conference.” *752 The Bappelet court in so holding followed the prior First Circuit decision of Boudreaux v. Yancey, 256 So.2d 340, 342 (La.App. 1st Cir. 1971), wherein this court stated, “We are forced to conclude that the penalty of dismissal of the plaintiffs’ suit for failure to appear at a pretrial conference is not sanctioned by either C.C.P. Article 193 which permits the adoption of court rules or C.C.P. Article 1551 which statutorily outlines pretrial procedure.” Thus, we conclude neither the Code of Civil Procedure, jurisprudence nor the internal rules of the Office of Worker’s Compensation sanction the harsh remedy of dismissal for failure to appear at a pretrial conference, particularly in light of the attempt made by this plaintiff to obtain counsel and have Ucounsel in attendance at the Worker’s Compensation proceedings. Accordingly, the judgment of dismissal by the Office of Worker’s Compensation Hearing Officer should be reversed.
For the reasons stated herein, the judgment dismissing plaintiff’s suit is hereby reversed and the matter is remanded to the Office of Worker’s Compensation for further proceedings. All costs of this appeal are assessed against defendant herein, Bargain Time, Inc.
REVERSED AND REMANDED.

. Copies of notices allegedly sent to plaintiff and/or her counsel did not appear in the record on appeal.