11ARMSTRONG, Judge,
concurring in part and dissenting in part.
I concur with the majority’s reversal of the sanction of dismissal with prejudice. The ultimate sanction of dismissal with prejudice for failure to timely disclose witnesses should not be imposed unless the noneomplying party should know that such failure could result in dismissal with prejudice. See Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985) (discovery sanction); Allwein v. Horn, 558 So.2d 810 (La.App. 5th Cir.1990) (pre-trial order); La.Code Civ. Proc. art. 1551 (providing for pre-trial orders). However, I am not sure that the procedure used below amounted to a denial of due process. Courts, including this one, do decide legal issues on the briefs and without legal argument. In any case, in light of the procedural requirements of Fulgham and Allwein, we do not need to address a constitutional issue in this ease.
I respectfully dissent from the majority’s decision to select the sanction of dismissal without prejudice. The trial court is given the discretion to select the sanction to be imposed, see Fulgham and Allwein, supra, and I would remand so that the trial court could exercise its discretion. For example, the trial court might prefer to select some *462 other sanction, such as a fine, because of a concern that the sanctionable conduct may-otherwise recur when the action is refiled.
Finally, I do not believe that the several changes of plaintiffs attorneys, and the several resulting continuances, can be a ground for sanctioning the plaintiff in this case because the trial court both approved the several withdrawals of counsel and ordered the several continuances.